

NESENOFF &
MILTENBERG LLP

ATTORNEYS AT LAW

nmllplaw.com

| | |
|---|---|
| Ira S. Nesenoff | |
| Andrew T. Miltenberg | |
| ———————— | |
| Stuart Bernstein | |

| | |
|---|---|
| Barbara H. Trapasso | Philip A. Byler |
| Ariya M. Waxman | *Senior Litigation Counsel* |
| Tara J. Davis | Megan S. Goddard |
| Diana R. Warshow | *Counsel* |
| Gabrielle M. Vinci | Rebecca C. Nunberg |
| Kara L. Gorycki | *Counsel* |
| Cindy A. Singh | Jeffrey S. Berkowitz |
| Nicholas E. Lewis | *Counsel* |
| Adrienne D. Levy | Marybeth Sydor |
| | *Title IX Consultant* |

January 23, 2019

**VIA ELECTRONIC FILING**
The Honorable Sanket J. Bulsara
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   <u>Elliott v. Donegan, et al., Civil Case No. 1: 18-cv-05680-LDH-SJB</u>

Dear Magistrate Judge Bulsara,

     We represent Stephen Elliott ("Plaintiff") in the above-referenced matter, and respectfully submit this letter motion for early discovery pursuant to Federal Rule of Civil Procedure 26(d)(1), and in accordance with Your Honor's Individual Rule IV.B.[1]  Specifically, Plaintiff requests a court-ordered subpoena, pursuant to Federal Rule of Civil Procedure 45(c)(2)(A), commanding Google, Inc., to produce electronically stored information to identify the Jane Doe defendants in this matter.  For the reasons stated herein, Plaintiff submits there is good cause for said expedited discovery.  Plaintiff has established a prima facie case of defamation and is unable to identify the Jane Doe defendants without a court-ordered subpoena.

**<u>Background</u>**

     This matter concerns Defendants' malicious publication of defamatory statements of criminal sexual conduct by Plaintiff in a publicly accessible Google spreadsheet entitled "Shitty Media Men," (the "List") on or about October 11, 2017.  Moira Donegan ("Donegan") and the Jane Doe Defendants conspired to create the List, circulate it via email to women in the media industry and encouraged the recipients to anonymously publish unsubstantiated allegations of sexual misconduct.  Defendants added, edited, highlighted, and organized names of men, along with accusations of criminal or otherwise inappropriate sexual behavior, into the List.  Defendants published false statements about Plaintiff alleging "Rape accusations, sexual harasment [sic] and coercion," with knowledge these statements were false or, at a minimum, with reckless disregard

---

[1] Plaintiff was prepared to file the instant motion January 14, 2019; however, Defendant Donegan sought permission to move for a stay of discovery, along with her request for a pre-motion conference to file a motion to dismiss, with The Honorable LaShann DeArcy Hall via letter on January 11, 2019.  Plaintiff therefore held this motion until Judge DeArcy Hall had the opportunity to direct Plaintiff on the proper venue for filing the instant motion in light of Donegan's filing.

**NEW YORK**  |  363 Seventh Avenue  |  Fifth Floor  |  New York, NY 10001  |  T: 212.736.4500  |  F: 212.736.2260  |
**BOSTON**  |  101 Federal Street  |  19th Floor  |  Boston, MA 02110  |  T: 617.209.2188  |



for the statements' veracity.  The List, with the statements about Plaintiff, was first circulated among women in the media industry, but, after an October 12, 2017, *Buzzfeed* article discussed the List, the false statements about Plaintiff were disseminated worldwide online.

As a direct and proximate result of Defendants' publishing the false allegations about Plaintiff, he experienced immediate, irreparable harm to his reputation and good name, including constant and continued vitriol from the public, as well as diminished popularity and good will. Plaintiff was and continues to be completely ostracized from friends and colleagues, a complete pariah within the media industry, unable to proceed with his career as a writer/producer/content creator.  He has suffered tremendous economic loss including, but not limited to, diminished book sales, loss of income and business opportunities, with an inability to network, market or otherwise publicize works.  The character assassination by Defendants achieved the conspirators' goals, as Plaintiff contemplated suicide and required treatment to survive severe, emotional trauma and a relapse after years of sobriety.  As Donegan enjoys the spoils of the "witch hunt," including a lucrative book deal and the adoration of thousands, Plaintiff endures persistent humiliation, harassment, vandalism of his home and fear for his physical safety and mental well-being. Plaintiff, through the instant action, seeks to challenge the veracity of the accusations on the List, but is unable to challenge his anonymous accusers absent a court-ordered subpoena unmasking the Doe Defendants.

Plaintiff filed the Complaint on October 10, 2018.  ECF No. 1.  Upon the filing of the Complaint, the matter received extensive press coverage and, as a result, the undersigned fielded numerous calls from individuals claiming to have information about the List and/or its contributors over the ensuing two months.  Although a portion of the calls were unproductive, i.e. individuals with self-interested queries, other callers provided potentially useful information about potential Jane Does.  The undersigned counsel spent significant time attempting to identify the Jane Doe Defendants utilizing information from callers, interviewing prominent media members, combing social media and performing other investigative tactics.  These efforts, unfortunately, yielded no conclusive proof and the Jane Doe Defendants remain anonymous.   Further, the undersigned spoke by phone with Donegan's counsel, Mr. Joshua Matz, Esq., of Kaplan Hecker & Fink LLP, on December 11, 2018, and January, 8, 2019, to ascertain whether Donegan was able to provide information to help identify the Jane Doe Defendants.  Mr. Matz advised Defendant Donegan could not provide the requested information.  Plaintiff has exhausted all known avenues and is unable to identify the Jane Doe Defendants without a court-ordered subpoena.

## Argument

### A.   There is Good Cause for Expedited Discovery

When considering whether to grant a motion for expedited discovery prior to the Federal Rules of Civil Procedure Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *adMarketplace, Inc. v. Tee Support, Inc.*, No. 13-CV.-5635 (LGS), 2013 WL 4838854 at *2 (S.D.N.Y. Sept. 11, 2013) (quoting *Digital Sin, Inc. v. John Does,* 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. Jan. 30, 2012)).  Courts in this district have found good cause for expedited discovery to determine the identity of Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena. *MiMedx Group,*



NESENOFF & MILTENBERG LLP
ATTORNEYS AT LAW

*Inc. v. Sparrow Fund Management LP*, 17-CV-07568 (PGG)(KHP), 2018 WL 847014 at *11 (S.D.N.Y Jan. 12, 2018) (citing *adMarketplace, Inc.*, 2013 WL 4838854 at *2). *See also Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *K-Beech, Inc. v. Does 1-29*, No. CV 11-3331(JTB)(ETB), 2011 WL 4401933 at *1 (E.D.N.Y. Sept. 19, 2011).

Plaintiff meets both prongs of the applicable standard. First, the instant request is made with good cause as Plaintiff has alleged a prima facie case of defamation, has been unable to identify the parties despite his best efforts, and the subpoena is necessary to determine the identity of the Jane Doe defendants. Second, the discovery request is reasonable because, as described further below, the request is specific, narrowly tailored to obtain information necessary to advance the claims in this matter, and alternative means to obtain the subpoenaed information have been exhausted. *See North Atlantic Operating Co., Inc. v. Evergreen Distributors, LLC*, 293 F.R.D. 363 (E.D.N.Y. 2013). Plaintiff's expedited discovery request meets the flexible standard of reasonableness and "good cause," and, further, a First Amendment balancing analysis favors unmasking the Jane Does, who published *per se* defamatory statements about Plaintiff.

B. Defendants' Defamatory Statements Are Not Protected by the First Amendment

The First Amendment generally protects anonymous speech. *Doe I v. Individuals*, 561 F. Supp.2d 249, 253 (D. Conn. June 13, 2008) (citing *Buckley v. American Constitutional Law Found.*, 525 U.S. 182 (1999)). The right to speak anonymously extends to internet users, but courts have recognized that the right to anonymous speech is not absolute. *Id.* at 254. Certain classes of speech, including defamatory, libelous speech, are entitled to no constitutional protection. *Id.*; *see also Doe v. Cahill*, 888 A.2d 451 (Del. Supr. 2005). In determining whether it is appropriate to unmask John Doe internet users, courts balance one person's right to speak anonymously against another person's right to protect his reputation. *Id.*

Courts in this circuit apply the five factor *Sony Music* test to assess First Amendment protection for anonymous internet users, including in defamation matters. *See Sony Music Entertainment Inc. v. Does*, 326 F. Supp.2d 556, 564-65 (S.D.N.Y. 2004); *see also, e.g., Doe I v. Individuals*, 561 F. Supp.2d at 253-57; *MiMedx Group, Inc.*, 2018 WL 847014 at *11-12; *adMarketplace*, 2013 WL 4838854 at *5. The five factors include: (1) the concreteness of a prima facie claim of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) the objecting party's expectation of privacy. *Arista Records, LLC*, 604 F.3d at 119 (citing *Sony Music*, 326 F. Supp.2d at 564-565).

With regard to factor one, Plaintiff has made prima facie showing of defamation by libel under New York law. In order to make a prima facie case for defamation under New York law, a plaintiff must show some evidence of: 1) a false and defamatory statement of and concerning the plaintiff; 2) publication by defendant of such a statement to a third party; 3) fault on the part of the defendant; and 4) injury to plaintiff. *adMarketplace, Inc.*, 2013 WL 4838854 at *5 (citing *Idema v. Wager*, 120 F.Supp.2d 361, 365 (S.D.N.Y. 2000)). The Defendants falsely allege, "rape accusations, sexual harassment and coercion," against Plaintiff. These actions constitute per se defamatory allegations of criminality. *See Friends of Falun Gong v. Pac. Cultural Enter., Inc.*, 288 F. Supp.

3



NESENOFF &
MILTENBERG LLP
ATTORNEYS AT LAW

2d 273, 284 (E.D.N.Y. 2003), *aff'd* 109 Fed. Appx. 442 (2d Cir. 2004).  The false per se defamatory statements were published on the List, which was posted on the internet and circulated via email to numerous recipients.  As a result, Plaintiff has suffered the aforementioned injuries to his reputation, career and well-being.  In addition, Plaintiff sufficiently alleges Defendants acted with actual malice.  Actual malice may be shown where the defamatory statements are "based wholly on an unverified, anonymous source," *Church of Scientology Int'l. v. Behar,* 238 F.3d 168, 174 (2d Cir.2001) (citing *St. Amant v. Thompson,* 390 U.S. 727, 732 (1968)), or "'the words or acts of the defendant . . . indicate that the defendant knew that his or her statement was or may well have been false." *Biro,* 936 F. Supp. 2d at 278 (citation omitted).  The Defendants created the List and, admittedly, input anonymous, unsubstantiated "rumors" of criminal sexual conduct.  *Importantly, Plaintiff has not raped anyone, has maintained his innocence despite the endless public vitriol, and his constant assertions of innocence remain unchallenged.*  At a minimum, the Defendants published the false, defamatory statements with knowledge their statements were or may well have been false; publishing anonymous rape accusations without proof to substantiate the alleged wrongdoing is the paradigm of malice.

The remaining factors of the *Sony Music* test are easily met.  For factor two, the discovery request is specific as it only seeks identifying information, name, email address, IP address, etc., of the individuals who accessed the List and contributed, input, edited or otherwise manipulated the entries pertaining to the cells, rows and columns attributed to Plaintiff.  (*See* proposed subpoena, annexed hereto as Exhibit A).  As for factor three, as discussed above, Plaintiff has exhausted all other means of identifying the Jane Does and subpoenaing Google is the only avenue to acquiring information pertaining to the identity of the Jane Does.  *See Doe I v. Individuals,* 561 F. Supp.2d at 255.  Regarding factor four, there is obviously a need for the subpoenaed information, as the identity of the Jane Does is central to Plaintiff's claim against them.  *MiMedx Group, Inc.*, 2018 WL 847014 at *11.  Finally, with regard to factor five, the Jane Does have a limited expectation of privacy in their email account information.  *See Doe I v. Individuals*, 561 F. Supp.2d at 255.  Libelous speech is not entitled to First Amendment protection and anonymous users are granted little expectation of privacy for tortious conduct.  *Id.*  Additionally, Google's privacy policy notifies its users, "We will share personal information outside of Google if we have a good-faith belief that access, use, preservation or disclosure of the information is reasonably necessary to: Meet any applicable law, regulation, legal process or enforceable government request."  Thus, the Jane Doe Defendants' expectation of privacy was minimal here.  *Id*; *see also Arista Records, LLC*, 604 F.3d at 119 at 119.

Plaintiff has also undertaken efforts to notify the anonymous posters that they may soon be subject to a subpoena.  Again, there was significant press coverage for this matter and the Jane Does responsible for inputting the defamatory statements, likely members of the media, are no doubt aware of this litigation and the Complaint, in which Plaintiff mentions utilizing IP addresses as a potential means for identifying the Jane Does (Cmplt. ¶¶ 10-13).  Additionally, Plaintiff served notice on Google, Inc., on January 8, 2019, advising Google of Plaintiff' intent to file the instant motion, and further requested Google advise the affected users.  *See* Exhibit B, annexed hereto.  Plaintiff will serve additional notice that the motion has been filed today.  Finally, the requested so-ordered subpoena commands Google to notify the Jane Does of the return date.  Plaintiff has



NESENOFF &
MILTENBERG LLP
ATTORNEYS AT LAW

taken significant efforts to ensure the anonymous defendants are on notice of the requested discovery.

**Scope of Discovery**

By this letter motion, Plaintiff respectfully seeks the following discovery, which he believes will confirm the identities of the Jane Does named in the Complaint:

A court-ordered subpoena to produce documents, computer data and information to identify individuals who contributed to a Google Spreadsheet entitled "Shitty Media Men" (hereinafter referred to as "the List") created on or about October 11, 2017, by Moira Donegan and others.  Said subpoena should command Google to produce the following:

- Any and all identifying information for individuals who contributed, edited, input, highlighted or otherwise manipulated entries, words, data and/or information pertaining to the cells, rows and columns attributed to Stephen Elliott.  Identifying information shall include, but not be limited to, email address and/or Gmail account name, IP address, IP address history, name, handle, alias, physical address, phone number, and any social media account names or handles associated with said individuals.

- With regard to the List itself, any and all preserved versions of the List, and any variation thereof, change history, versions, versioning or version history of the List, with any and all iterations of the List which contain entries associated with Stephen Elliott, as well as the aforementioned identifying information for any individual who made, edited or otherwise manipulated said entries, including the time, date and, if possible, IP address associated with said information.

The Subpoena will also direct Google to notify any and all individuals whose information may be disclosed in response to the subpoena and advise them of their right to move to quash the instant subpoena by the Return Date of the subpoena, which is February 1, 2019.

A copy of the proposed subpoena is attached hereto as Exhibit A.

**Conclusion**

Plaintiff has demonstrated good cause for his expedited discovery request, as he needs to identify the Jane Doe Defendants in order to serve them and advance his actionable claim.  The Jane Doe Defendants have a limited expectation of privacy, and their false, per se defamatory statements are not protected by the First Amendment.  Plaintiff has made a prima facie showing regarding the defamation claim and his right to protect his reputation far outweighs the Jane Doe Defendants' right to speak anonymously.  Plaintiff respectfully requests the Court grant this Motion for Expedited Discovery and so-order the attached subpoena.



The undersigned remains available should Your Honor have any questions or concerns. Thank you for your attention to this matter.

Very truly yours,
NESENOFF & MILTENBERG, LLP

By: _____
Andrew Miltenberg, Esq.
Nicholas Lewis, Esq.

CC: All Counsel (Via ECF)

By filing this letter, I certify pursuant to Federal Rule of Civil Procedure 37(a)(1) that I, in good faith, conferred with Defendant Donegan's counsel in an effort to resolve this dispute and obviate the need for a court-ordered subpoena to identify the Jane Doe Defendants. The undersigned spoke by phone with Joshua Matz, Esq., of Kaplan Hecker & Fink LLP, on December 11, 2018, and January, 8, 2019, to request assistance identifying the Jane Doe Defendants.

By: _____
Andrew Miltenberg, Esq.
Nicholas Lewis, Esq.

6