# EXHIBIT B



Ira S. Nesenoff
Andrew T. Miltenberg

Stuart Bernstein

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Kara L. Gorycki
Cindy A. Singh
Nicholas E. Lewis
Adrienne D. Levy

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Jeffrey S. Berkowitz
*Counsel*
Marybeth Sydor
*Title IX Consultant*

ATTORNEYS AT LAW
nmllplaw.com

## NOTICE OF OBLIGATION TO PRESERVE EVIDENCE AND REQUEST FOR NOTICE TO GOOGLE USERS

January 8, 2019

**VIA FEDEX**
Google Building 8510
85 10th Avenue
New York, New York 10011

Google LLC
c/o Custodian of Records
1600 Amphitheatre Parkway
Mountain View, CA 94043

    Re:    **Stephen Elliott v. Moira Donegan and Jane Does (1-30); 18-CIV-5680**

To Whom this May Concern:

    The undersigned represent the Plaintiff in connection with the above-referenced matter of which is currently pending in The United States District Court in the Eastern District of New York. The lawsuit surrounds the creation of a list entitled the "Shitty Media Men" list, of which you are aware, as representatives of Google have provided public comment on same to various publications and media outlets.

    We hereby provide the following notice to respectfully request your cooperation in the notification of certain Google users and, again, notify you of certain obligations with respect to the preservation of documents, data and information, including, but not limited to a **Google spreadsheet created by Defendant, Moira Donegan, and other Google users on or about October 11, 2017, entitled "Shitty Media Men" (the spreadsheet will be referred to as the "List" herein), both the original version of the List, any and all subsequent versions or variations of the List, whether in digital form or print, as well as any and all emails or electronic communications sent pertaining to the List's creation, publication, editing, circulation, publicizing, as well as any names, email addresses, IP addresses and any other identifying information for any and all people and/or accounts (Google or otherwise), that received, accessed, viewed, edited, input information, or in any way contributed to the List**

1

NEW YORK  |  363 Seventh Avenue  |  Fifth Floor  |  New York, NY 10001  |  T: 212.736.4500  |  F: 212.736.2260  |
BOSTON    |  101 Federal Street   |  19th Floor   |  Boston, MA 02110  |  T: 617.209.2188  |

**or the circulation of the List. Additionally, preserve any and all documents, data and information possessed pertaining to the list including, but not limited to, a change log, version history of the List, variations of the List (both immediately before and immediately after an individual altered, contributed to or in any way accessed the List), time stamps, highlights, edits, additions, subtractions, undo/redo and any other information Google maintains pertaining to the List and any individual who accessed, edited, contributed to, received, sent or otherwise utilized the List.**

Consequently, demand is hereby made that Google preserve and refrain from destroying, concealing, or altering any paper or electronic files or other data generated by and/or stored on any of Google's systems, and storage locations (e.g., clouds, servers, hard drives, hard disks, flash drive, back-up systems), or any other electronic data storage devices, wherever globally located. This includes but is not limited to: e-mail and other electronic communication, cellular telephone data, text messages, photographs, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, information contained on laptops or other portable devices, audio systems, handheld wireless devices, and network access information.

Please take notice that electronic documents, data, information and the storage devices on which they reside may contain relevant and discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, the Plaintiff will seek all documents in their electronic form along with metadata or information about those documents contained on the media.

## REQUEST FOR NOTIFICATION

Plaintiff hereby advises of his intent to seek expedited discovery by motion to Magistrate Judge Sanket J. Bulsara in The Eastern District of New York. The expedited discovery Plaintiff seeks will be a so-ordered subpoena to Google to unmask Jane Doe defendants who contributed to the List, particularly portions of the List containing allegations against Plaintiff. Plaintiff respectfully requests Google notify any and all Google users who this may apply to so they may be provided an opportunity to oppose said motion or to move to quash said so-ordered subpoena. Plaintiff intends to request notification of the Jane Does be included within the so-ordered subpoena as well.

## PRESERVATION OBLIGATIONS

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, the Parties must take every reasonable step to preserve this information until the final resolution of this matter.

This includes but is not limited to, an obligation to:

- Discontinue all data destruction and backup tape recycling policies;



- Preserve and not dispose of relevant hardware unless an exact replica of the file (a mirror image) is made;
- Preserve and not destroy passwords, decryption procedures (and accompanying software), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software;
- Maintain all other pertinent information and tools needed to access, view, review, and reconstruct all requested or potentially relevant electronic data.

## DESCRIPTION OF DATA SOUGHT

This notice requires preservation of all information from the Parties' computer systems, removable electronic media and other locations relating in any way to, in any manner to the above-referenced matter in the broadest sense of the word. **This includes, but is not limited to, preservation of a Google spreadsheet created by Defendant, Moira Donegan, and other Google users on or about October 11, 2017, entitled "Shitty Media Men" (the spreadsheet will be referred to as the "List" herein), both the original version of the List, any and all subsequent versions or variations of the List, whether in digital form or print, as well as any and all emails or electronic communications sent pertaining to the List's creation, publication, editing, circulation, publicizing, as well as any names, email addresses, IP addresses and any other identifying information for any and all people and/or accounts (Google or otherwise), that received, accessed, viewed, edited, input information, or in any way contributed to the List or the circulation of the List. Additionally, preserve any and all documents, data and information possessed pertaining to the list including, but not limited to, a change log, version history of the List, variations of the List (both immediately before and immediately after an individual altered, contributed to or in any way accessed the List), time stamps, highlights, edits, additions, subtractions, undo/redo and any other information Google maintains pertaining to the List and any individual who accessed, edited, contributed to, received, sent or otherwise utilized the List**, as well as any and all email and other electronic communication, word processing documents, databases calendars, telephone logs, contact information, internet usage files, and network access information in your possession or otherwise.

**Electronic Files**. You have an obligation to preserve all digital or analog electronic files in electronic format, regardless of whether hard copies of the information exist. This includes preserving:

- Active data (i.e., data immediately and easily accessible on the client's systems today);
- Archived data (i.e., data residing on backup tapes or other storage media);
- Deleted data (i.e., data that has been deleted from a computer hard drive but is recoverable through computer forensic techniques); and
- Legacy data (i.e., data created on old or obsolete hardware or software).

The Parties and Google must preserve active, archived, and legacy data including but not



limited to:

- The List in all forms
- Any and all information in your computer systems, drives, clouds, operating systems or any other place, physical or otherwise which maintains information and data for any user's Google account, email, GChat, social media accounts, hard copy or otherwise whether pertaining to the List or in your possession. YOU ARE DIRECTED NOT TO DELETE ANY ELECTRONIC DATA or INFORMATION RELATED TO THE LIST.
- Word-processed files, including drafts and revisions;
- Spreadsheets, including drafts and revisions;
- Databases;
- CAD (computer-aided design) files, including drafts and revisions;
- Presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint);
- Graphs, charts and other data produced by project management software (such as Microsoft Project);
- Animations, images, audio, video, and audiovisual recordings, MP3 players, and voicemail files;
- Data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes);
- Data created with the use personal data assistants or smartphones
- Data created with the use of document management software; and
- Data created with the use of paper and electronic mail logging and routing software.

Google must preserve media used by their computers including but not limited to:

- Magnetic, optical or other storage media, including the hard drives or floppy discs used by Parties' computers.

- Backup media (i.e., other hard drives, backup tapes, floppies, Jaz cartridges, CD-ROMs) and the software necessary to reconstruct the data contained on the media; and

- Archived media (you should retain a mirror image copy of any media no longer in service but used during all times relevant to the litigation).

**Hardware.** The Parties and Google have an obligation to preserve all electronic processing systems, even if they are replaced, this includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, smartphones, and other electronic processing devices, the parties should retain hardware no longer in service but used during any times relevant to the litigation.

**Emails.** The Parties and Google have an obligation to preserve all potentially relevant internal and external emails that were sent or received. Email must be preserved in electronic

4



format, regardless of whether hard copies of the information exist.

**Internet Web Activity.** The Parties and Google have an obligation to preserve all records of internet web-browser generated files in electronic format, regardless of whether hard files caches and cookies files stored on backup media or generated by any individual employed by any of the Parties or their affiliates.

**Activity Logs.** The Parties and Google must preserve all hard copy or electronic logs documenting computer use by the Parties.

**Supporting Information.** The Parties and Google must preserve all supporting information relating to the requested electronic data and/or media including codebooks, keys, data, dictionaries, diagrams, handbooks, or other supporting documents that aid in reading or interpreting database, media, email, hardware, software, or activity log information.

## DESCRIPTION OF DOCUMENTS, DATA, INFORMATION AND MEDIA THAT SHOULD BE PRESERVED

The Parties and Google should immediately preserve all data and information about the data (i.e., backup activity logs and document retention policies) relating to documents maintained in the ordinary course, including but not limited to preservation of all data, information and media related to the List or created by Defendants or anyone else from 2017 to Present, or at any time if the information, data, or media is broadly related to the List. This includes, but is not limited to, the information listed below.

- Email and any relevant metadata, including message contents, header information, and email system logs that was sent or received by or is in the possession of the Parties or Google regarding any subject relevant to or which may lead to relevant information in the litigation.
- All active and deleted copies of any files, spreadsheets, PowerPoint presentations, or other documents that are in the possession of Google or the Parties relating in any way to the subject matter of the litigation.
- Databases and any information about the databases that are in the possession of Parties or Google and/or which contain information relevant to the litigation.
- All paper and/or electronic logs of the computer system and network activity that pertains to electronic data storage that is in the possession of Parties or Google and/or which contain information relevant to the litigation.
- All active and deleted copies of any electronic calendars or scheduling programs, including programs maintained on PDAs, that are in the possession of the Parties or Google and/or which contain information relevant to the litigation.
- All active, archived, legacy, and deleted copies of any other electronic data or information that are in the possession of the Parties or Google and/or which contain information relevant to the litigation.



The Parties' and Google's obligations extend to data storage devices with the same force and effect that they apply to other sources of information.

**Online Data Storage**. If the Parties or Google use online storage and/or direct access storage devices, they must immediately cease modifying or deleting any electronic data pertaining to the List unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation.

**Offline Data Storage**. Offline data storage includes, but is not limited to, backup and archival media, floppy diskettes, magnetic, magneto-optical, and/or optical tapes and cartridges, DBDs, CDROMs, DVDs, BLU-RAYs, thumb drives, memory cards, and other removable media. Parties should immediately suspend all activity that might result in destruction or modification of all of the data stored on any offline media. This includes overwriting, recycling or erasing all or part of the media. This request includes, but is not limited to, media used to store data from personal computers, laptops, mainframe computers, and servers.

**Data Storage Device Replacement**. If the Parties or Google replace any electronic data storage devices, the Parties or Google may not dispose of the replaced storage devices.

**Preservation of Storage Devices**. The Parties and Google may not modify, delete or otherwise alter (i.e., by data compression, disk defragmentation, or optimization routines) any electronic data unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation. The expert must make a mirror image of active files, restored versions of deleted files, and restored files, including, but not limited to, preserving electronic data (stored on online or offline storage devices) that came from the following hardware or software applications: fixed drives on stand-alone personal computers or laptops; network servers and workstations; and software application programs and utilities.

## PRESERVATION COMPLIANCE

**Activity Log**. In order to show preservation compliance, the Parties and Google must maintain a log, documenting all alterations or deletions made to any electronic data storage device or any electronic data processing system. The log should include changes and deletions made by supervisors, employees, contractors, vendors, or any other third parties.

**Mirror Images**. The Parties and Google must secure a mirror image copy (a bit-by-bit copy of hand drive that ensures the computer system is not altered during the imaging process) of all electronic data contained on the drives, systems and other devices containing information and data pertaining to the List. The mirror image should include active files, deleted files, deleted fragments, hidden files, directories, and any other data contained on the computer. Parties and Google must also collect and store any offline or online storage devices that contain data from any electronic processing devices for the Parties.

**Electronic Data Created After the Date of this Letter**. For any electronic data created



after this letter or for any electronic processing systems used after his letter, Parties must take the proper steps to avoid destroying potentially relevant evidence. This includes following the above preservation protocols.

Please also notify any and all people who entered the information, requested herein, to the spreadsheet. We intend to file a motion for early discovery, to unmask Jane Does within 30 days of the date of this letter.

If any portion of this letter or any term used herein is unclear, vague, or might be clarified in any way, please contact the undersigned for further direction.

Very truly yours,

NESENOFF & MILTENBERG, LLP

By: s/ *Nicholas Lewis*
Nicholas Lewis, Esq.