

| Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| Andrew T. Miltenberg | Ariya M. Waxman | *Senior Litigation Counsel* |
| | Tara J. Davis | Megan S. Goddard |
| Stuart Bernstein | Diana R. Warshow | *Counsel* |
| | Gabrielle M. Vinci | Rebecca C. Nunberg |
| | Kara L. Gorycki | *Counsel* |
| | Cindy A. Singh | Jeffrey S. Berkowitz |
| | Nicholas E. Lewis | *Counsel* |
| | Adrienne D. Levy | Marybeth Sydor |
| | | *Title IX Consultant* |

January 24, 2019

**VIA ELECTRONIC FILING**
The Honorable Sanket J. Bulsara
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>**Elliott v. Donegan, et al., Civil Case No. 1: 18-cv-05680-LDH-SJB**</u>

Dear Judge Bulsara,

      I write on behalf of Stephen Elliott ("Plaintiff") in the above-referenced matter, in response to Defendant Donegan's requests (ECF No. 20) to (1) adjourn our initial conference, currently scheduled for February 8, 2019, and (2) reserve Your Honor's decision on Plaintiff's motion for expedited discovery, a court-ordered subpoena directing Google, Inc., to provide information to identify the Jane Doe Defendants in this matter (ECF No. 19). Please be advised we oppose Defendant Donegan's application and respectfully request Your Honor entertain the pending discovery motion pursuant to the practice rules of this Court.

      As defense counsel is no doubt aware, there is simply no basis for a stay of all proceedings pending the Court's decision on a previously-filed motion to stay, as evidenced by her failure to cite to any relevant authority. Donegan's proposition—that the pendency of a motion to stay requires the issuance of a stay—is tautological and self-serving, as she seeks substantive relief on the merits of a pending motion. Essentially, having filed a baseless (and procedurally improper) motion to stay with Judge DeArcy Hall, Donegan now seeks to impose a stay on the entirety of this litigation until her motion is resolved. Her letter request is nothing more than a stall tactic designed expressly to impede this litigation. Crucially, the early discovery Plaintiff seeks is from Google, and <u>does not impose any burden on Donegan</u>. The purpose of the discovery is to unmask the Jane Doe defendants; it is unclear what basis Donegan has for opposing such discovery, let alone seeking the extraordinary remedy of an interim stay.

      Plaintiff filed the motion for expedited discovery in accordance with the practice rules of this Court, including in accordance with Your Honor's Individual Rules III. B and IV. B. Plaintiff discussed the discovery motion with opposing counsel on January 8, 2019, and was prepared to file the motion January 14, 2019. Counsel for Defendant Donegan, however, improperly sought permission to move for a stay of discovery, along with her request for a pre-motion conference to file a motion to dismiss, with The Honorable LaShann DeArcy Hall via



**NESENOFF & MILTENBERG** LLP
ATTORNEYS AT LAW

letter on January 11, 2019. Defendant Donegan filed the request for a stay with Judge DeArcy Hall, despite the practice rules of this Court directing discovery motions before Your Honor. Defendant Donegan filed the improper request for a stay, with knowledge of Plaintiff's intention to file the discovery motion with Your Honor.

Defendant Donegan's motion to dismiss is frivolous, as is her request for a stay of discovery. According to Your Honor's Individual Rules III.B., there is no automatic stay of discovery; even in a situation where Defendant moves to dismiss, discovery will only be stayed if the Court grants the motion for stay. As discussed in Plaintiff's previous filing (*See* ECF No. 18), Defendant Donegan's motion to stay is improper and unsupported, as she fails to sustain her burden of "good cause" for a stay. Plaintiff's motion for early discovery imposes no burden or expense on Donegan, as the discovery sought relates to the identity of the Jane Doe Defendants. Any motion practice over the court-ordered subpoena to Google would not impact Defendant Donegan's ability to file her frivolous motion to dismiss. Plaintiff's claims are meritorious and there is "good cause" for the early discovery as Plaintiff is unable to identify Jane Doe Defendants absent the court-ordered subpoena.

The motion for expedited discovery was filed appropriately with Your Honor, upon appropriate notice to the Jane Doe Defendants and with the intention to identify said Jane Doe Defendants expeditiously as all other means of identification have failed. Defendant Donegan's instant request, and her motion for a stay of discovery, amount to an improper abuse of process, in direct contravention of this Court's Rules.

Plaintiff respectfully requests Your Honor decide the motion for expedited discovery in accordance with Your Honor's Individual Rules and submits discovery should proceed, unaffected by Defendant Donegan's motion to dismiss.

The undersigned remains available should Your Honor have any questions or concerns. Thank you for your attention to this matter.

Very truly yours,
NESENOFF & MILTENBERG, LLP

By: */s/ Andrew T. Miltenberg*
Andrew Miltenberg, Esq.
Nicholas Lewis, Esq.

CC: All Counsel (Via ECF)