# KAPLAN HECKER & FINK LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

**Direct Dial: 212-763-0884**
**Direct Email: rkaplan@kaplanhecker.com**

January 25, 2019

**By CM/ECF**

The Chambers of the Honorable Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Elliott v. Donegan, et al.*, No. 1:18-civ-05680-LDH-SJB

Dear Judge Bulsara:

We write on behalf of defendant Moira Donegan to respond briefly to Plaintiff Stephen Elliott's letter dated January 24, 2019 (ECF No. 21) in the above-referenced matter.

Although Mr. Elliott argues that we should not have raised the motion to stay discovery with Judge DeArcy Hall, the whole point of our motion to stay is that discovery should not begin at this time given the strength of our motion to dismiss which raises serious First Amendment concerns. *See* ECF No. 17. The motion to dismiss, of course, will be decided by Judge DeArcy Hall. Mr. Elliott identifies no prejudice if our motion to stay discovery were decided before his motion for expedited discovery. To the contrary, that is what makes the most sense under the circumstances given the fact that if discovery against Google were permitted to proceed, our motion to stay discovery would obviously be rendered moot.

Moreover, it is simply incorrect that Mr. Elliott's request for leave to serve a subpoena upon Google would not affect Ms. Donegan. His proposed subpoena calls for information relating directly to Ms. Donegan's Google account history. ECF No. 19-1 at p. 5, ¶ 2. The same is true for Google. Mr. Elliott's subpoena would impose substantial burdens on Google and the individuals whose information is requested. Indeed, in a letter to Mr. Elliott's counsel dated January 23, 2019, Google stated explicitly that it would object to any request in a subpoena that "seeks information in a manner inconsistent with the federal Stored Communications Act" or which "implicates a Google user's right to anonymous speech," and noted that the appropriate forum to resolve any such objections would be the Northern District of California. *See* Letter from R. Tyler to N. Lewis, Jan. 23, 2019 (attached as Ex. A hereto). We were quite surprised that counsel for Mr. Elliott did not bring this letter from Google to Your Honor's attention in his letter to the Court, which he submitted the day after he received it.

Respectfully submitted,

Roberta A. Kaplan, Esq.

KAPLAN HECKER & FINK LLP

2

cc: Counsel of Record (*via* ECF)
Randy Tyler, Counsel for Google LLC