# EXHIBIT A

# PerkinsCoie

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

☎ +1.206.359.8000
📠 +1.206.359.9000
PerkinsCoie.com

January 23, 2019

Randy Tyler
RTyler@perkinscoie.com
D. +1.206.359.3034
F. +1.206.359.7262

**VIA EMAIL AND OVERNIGHT MAIL**

Nicholas Lewis
Nesenoff & Miltenberg, LLP
363 Seventh Avenue
Fifth Floor
New York, NY 10001
Email: nlewis@nmllplaw.com

**Re: Preservation Notice to Google LLC, *Stephen Elliot v. Moira Donegan and Jane Does (1-30)*, Case No. 18-CIV-5680 (Eastern District of New York)**

Dear Mr. Lewis:

We represent nonparty Google LLC regarding your January 8, 2019 preservation request, which Google received on January 11, 2019. Google is unable to comply with your request, which is also objectionable for the reasons described below.

At the outset, Google can take no action in response to your request because it fails to provide information sufficient to identify the account(s) or content at issue. In order to identify the correct account or content, Google requires a valid Google identifier (such as a Gmail address or Google Drive URL). Without that information, Google cannot process your request.

Even if you had sufficiently identified the account or content at issue, Google does not preserve information in the absence of valid legal process and is aware of no rules requiring third-parties to honor informal preservation requests. Indeed, "unlike litigants, third-party entities" like Google "have no duty to preserve absent a court order." *Bright Sols. for Dyslexia, Inc. v. Doe 1*, No. 15–cv–01618–JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) ("[U]nlike litigants, third-party entities have no duty to preserve absent a court order."); *Centurylink, Inc. v. Alpine Audio Now, LLC*, No. 15-cv-01973-MSK-KLM, 2016 WL 192291, at *2 (D. Colo. Jan. 15, 2016) (same); *Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, No. 2:16-cv-236, 2016 WL 1657922, at *3 (S.D. Ohio Apr. 27, 2016) (same). Any such request should be directed instead to the account holder(s), at least one of whom appears to be a party to the litigation. *See, e.g. Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (The scope of the duty to preserve requires "anyone who anticipates being a party or is a party to a lawsuit . . . [to] not destroy unique, relevant evidence that might be useful to an adversary."); *Wm. T. Thompson Co. v. General Nutrition Corp., Inc.*, 593 F.Supp. 1443, 1455 (C.D. Cal. 1984) (A litigant "is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is

Nicholas Lewis
January 23, 2019
Page 2

reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.").

Should you subsequently seek discovery of the records that your request seeks to preserve, you should direct that request to the account holder.[1] *See, e.g., Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 731 (9th Cir. 2011) (noting that the inability to obtain documents from a provider does not affect the ability to obtain the documents directly from the user); *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 117 (E.D.N.Y. 2013) ("[T]he Court sees no basis at this time why Defendant should go through a third-party provider to access Plaintiff's social networking postings when Plaintiff has access to this information herself.") (collecting cases directing parties to produce records themselves). Indeed, litigants and courts have an obligation to avoid imposing an undue burden on nonparties, such as by seeking to obtain from a nonparty records that are equally available to a party. *See, e.g.*, Fed. R. Civ. P. 45(d)(1); *Lemberg Law LLC v. Hussin*, No. 3:16-mc80066- JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) ("The Ninth Circuit has repeatedly recognized the duty of the courts to provide extra protection for nonparties who are subject to discovery requests.").[2]

---

[1] Google users can access their information at any time by logging into their Drive account, and can also access Google Takeout, a tool that allows Google users to access and download their user information. *See* "Download your data" Google Account Help article, https://support.google.com/accounts/answer/3024190?hl=en.

[2] Should Google receive a subpoena or court order, it would assess and assert objections as appropriate. For example, Google would object to a request that seeks information in a manner inconsistent with the federal Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, which prohibits Google from disclosing the contents of electronic communications and which contains no exception for civil discovery. *See, e.g., Suzlon Energy Ltd.*, 671 F.3d at 730 (Non-governmental entities may not obtain the content of communications with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1073-74 (9th Cir. 2004) (Civil discovery demand for content is not valid legal process under the SCA.); *Rainsy v. Facebook*, Inc., 311 F. Supp. 3d 1101, 1115 (N.D. Cal. 2018) ("[T]o the extent that Applicant seeks the identities of people who 'liked' Hun Sen's Facebook page, Applicant seeks 'contents of a communication' because Applicant seeks to know who approved Hun Sen. The Stored Communications Act precludes that disclosure."); *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, No. C 12-80242 EJD, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (producing non-content based on a search for associated content is prohibited by the SCA). Google may also object if the request implicates a Google user's right to anonymous speech. *See, e.g., Music Group Macao Commercial Offshore Limited v. Does*, No. 14–mc–80328–LB, 2015 WL 930249 (N.D. Cal. Mar. 2, 2015) (denying motion to compel Twitter to disclose identity of anonymous user, whose

Nicholas Lewis
January 23, 2019
Page 3

Finally, in addition to being invalid, your request is also overbroad and unduly burdensome. For example, your request asks nonparty Google to compile an activity log of its preservation efforts, create a mirror image of all systems and data, and capture and preserve electronic data created after the date of your request. These requests, as well as others, far exceed the requirements of Fed. R. Civ. P. 45. *See, e.g.*, Fed. R. Civ. P. 45(d)(1) (parties must avoid imposing an undue burden on non-parties); *Lemberg Law*, 2016 WL 3231300, at *5.

I trust this letter resolves this matter, but please feel free to contact me if you would like to further discuss. Google otherwise preserves any available rights and objections.

Sincerely,

*[signature]*

Randy Tyler

JRT:jrt

---

First Amendment rights to anonymous Internet speech outweighed plaintiffs' need for the requested non-content information). In addition, Google may object to the extent the request: seeks to impose on non-party Google discovery obligations that should be borne by a party to the case; seeks to impose an undue burden on Google; is vague or overbroad; imposes requirements that exceed Google's obligations under Rule 45; or is otherwise objectionable.

Finally, any request must comply with Fed. R. Civ. P. 45(c)(2)(A), under which the place for compliance must be "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person," which is also where any subpoena enforcement proceedings must be held. *Id.*; Fed. R. Civ. P. 45(d)(3)(A) (subpoena enforcement proceedings must be held in the district court encompassing the place where compliance is required). Google is headquartered in Mountain View, California, and as a result, the place for compliance must be in the Northern District of California. *See Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628 (C.D. Cal. 2018) (denying motion to compel Google's compliance with a subpoena that listed Sherman Oaks, California as the place for compliance, because Sherman Oaks is more than 100 miles from Google's Mountain View, California headquarters).