**NESENOFF & MILTENBERG** LLP

ATTORNEYS AT LAW

nmllplaw.com

Ira S. Nesenoff
Andrew T. Miltenberg
_____
Stuart Bernstein

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Kara L. Gorycki
Cindy A. Singh
Nicholas E. Lewis
Adrienne D. Levy

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Jeffrey S. Berkowitz
*Counsel*
Marybeth Sydor
*Title IX Consultant*

April 22, 2019

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: **Elliott v. Donegan et al, 1:18-cv-05680 (LDH) (SJB)**

Dear Judge DeArcy Hall:

      We represent Plaintiff, Mr. Stephen Elliott ("Elliott" or "Plaintiff") in the above-referenced matter and respectfully submit this letter, pursuant to Your Honor's Individual Practice Rule III.A, in opposition to Defendant Ms. Moira Donegan's ("Donegan") April 8, 2019 request for a pre-motion conference to file a motion to dismiss under Rule 12(b)(6). As Your Honor is aware, the parties appeared on March 1, 2019, for a pre-motion conference in connection with a prior letter filed by Donegan seeking similar relief. On March 22, 2019, with the Court's leave, Plaintiff filed an Amended Complaint to further clarify, and cure, potential deficiencies noted by the Court.

      Plaintiff respectfully submits the Amended Complaint sufficiently alleges actual malice the sole potential deficiency identified by the Court. *See Biro v. Conde Nast*, 807 F.3d 541 (2d Cir. 2015). Plaintiff's Amended Complaint centers on Defendants' malicious publication of defamatory statements of criminal sexual conduct by Plaintiff in a publicly accessible Google spreadsheet entitled "Shitty Media Men," (The "List") on or about October 11, 2017. Donegan's involvement is explicitly alleged, including her own admissions as the creator of The List. (Cmplt. ¶¶ 56 on p. 12); *See* Moira Donegan, *I Started the Media Men List My name is Moira Donegan*, TheCUT.com (Jan. 10, 2018), *available at* https://www.thecut.com/2018/01/moira-donegan-i-started-the-media-men-list.html. Donegan is alleged to have published the false, defamatory entry about Plaintiff. (Cmplt. ¶¶ 24-25 on p. 6; ¶¶ 50-53 on p. 11). Alternatively, if Donegan did not herself fabricate some of the false, defamatory accusations against Plaintiff, then she published them with reckless disregard for their truth or falsity as she admittedly created The List for the purpose of spreading unsubstantiated allegations of sexual misconduct and, further, entertained serious doubts as to the truth of allegations from anonymous posters. (Cmplt. ¶¶ 18-21 on p. 5; ¶¶ 54-62 on p. 12-13). Donegan, with Jane Doe Defendants, published false statements accusing Plaintiff of "Rape accusations," and "sexual harassment" [sic], and highlighted Plaintiff's entry in red to allege multiple women accused Plaintiff of sexual violence. (Cmplt. ¶¶ 25-27 on p. 6-7). These actions constitute *per se* defamatory allegations of criminality. *See Friends of Falun Gong v. Pac. Cultural Enter., Inc.*, 288 F. Supp. 2d 273, 284 (E.D.N.Y. 2003) *aff'd* 109 Fed. Appx. 442 (2d Cir. 2004).

1

| NEW YORK | 363 Seventh Avenue | Fifth Floor | New York, NY 10001 | T: 212.736.4500 | F: 212.736.2260 |
| BOSTON | 101 Federal Street | 19th Floor | Boston, MA 02110 | T: 617.209.2188 | |


NESENOFF &
MILTENBERG LLP
ATTORNEYS AT LAW

As such, the Amended Complaint is sufficiently specific to state a claim for defamation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Donegan furthered both her own and the Doe Defendants' tortious acts, namely defamation, by organizing, encouraging, creating, publishing, circulating and promoting the defamatory statements to others. *See also Cianci v. New Times Pub. Co.*, 639 F.2d 54 (2nd Cir 1980) (defendant who reports allegation is responsible for truth of the allegation itself, not simple fact that it was alleged).

Donegan again argues that Plaintiff fails to allege actual malice.[1] Plaintiff respectfully submits the pleading deficiencies identified by this Court were indeed cured. Plaintiff alleges Donegan posted the aforementioned false and defamatory entries about Plaintiff on The List. (Cmplt. ¶¶ 24-25 on p. 6; ¶¶ 50-53 on p. 11). In *Biro*, the Second Circuit held, to plausibly infer actual malice, "a plaintiff may allege that 'a story [was] fabricated by the defendant' if the defendant provides no source for the allegedly defamatory statements." *Biro* at 545 (citing *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968)). Donegan has not provided a source for the defamatory statements, so Plaintiff may allege the entries were fabricated by Donegan. This alone is sufficient to defeat a 12(b)(6) motion.

Alternatively, if Donegan did not herself fabricate certain defamatory statements, Plaintiff may properly allege defamation by alleging the defamatory statements were based wholly on an unverified anonymous source or were published despite "obvious [specified] reasons to doubt the veracity of the informant or the accuracy of his reports." *Id*.

The Amended Complaint alleges Donegan published statements from an unverified anonymous source and published said defamatory statements with an acknowledgement The List was vulnerable to false accusations. (Cmplt. ¶¶ 18-21 on p. 5; ¶¶ 54-62 on p. 12-13). Donegan, in her January 10, 2018, article posted on *The Cut*, admitted false accusations were a concern she "took seriously." (Cmplt. ¶¶ 56 on p. 12). The Amended Complaint alleges that despite these "serious[]"concerns, Donegan posted the defamatory statements, along with her own contributions to The List and Plaintiff's entries. (Cmplt. ¶¶ 57-58 on p. 13). The Amended Complaint also Donegan published defamatory statements from sources anonymous to her. (Cmplt. ¶¶ 60 on p. 13). In both scenarios, in which Donegan published defamatory statements of others, the Amended Complaint contains plausible allegations of actual malice. In accordance with the Court's suggestions, Plaintiff amended the Complaint to clarify that a portion of the people who posted unsubstantiated defamatory statements were unknown to Defendant Donegan. (Cmplt. ¶¶ 19, 21 on p. 5).

Further, regarding public statements of Donegan evincing a "hatred of men," the statements are merely proof of ill will or animosity to Plaintiff. While ill will or animosity is not equivalent to actual malice, nor required to prove it, Plaintiff respectfully submits the evidence of animosity is highly relevant to Donegan's motives and may be used to bolster an inference of actual malice. *See Duffy v. Leading Edge Prods.*, 44 F.3d 308, n.10 (5th Cir. 1995).

---

[1] Plaintiff reserves his right to contest the status of public figure and/or matter of public concern, but does not contest the status here as, he respectfully submits, actual malice is plausibly inferred in the Amended Complaint.

2


ATTORNEYS AT LAW

Donegan, again, maintains a fallback position that she is entitled to immunity based on Section 230 of the Communications Decency Act, 47 U.S.C. § 230. (ECF Doc. 29, at 2). As the Court noted on March 1, 2019, Donegan is not entitled to CDA immunity. The CDA provides immunity to providers and users of an "interactive computer service" from liability for content provided by others under certain circumstances, but not if Defendant herself is a "provider" of the information or content in question. The CDA defines "information content provider" as "any person or entity that is responsible, in whole <u>or in part</u>, for the creation <u>or development</u> of information." 47 U.S.C. § 230(f)(3) (emphasis added). As the Court noted, Plaintiff alleges Donegan authored the defamatory statements regarding Plaintiff. (Cmplt. ¶¶ 24-25 on p. 6). Donegan further contributed to Plaintiff's entries. (Cmplt. ¶¶ 26-28 on p. 6-7). Further, it is well established that a defendant is not protected under the CDA "if [she] contributes materially" to the allegedly unlawful content. *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1168 (9th Cir. 2008) (Roommates.com not protected under the CDA where it created drop-down menus enabling users to select discriminatory housing preferences). In the instant case, Donegan created the spreadsheet including headings for name of the accused and "MISCONDUCT", specifically creating a forum for other contributors, including the Doe Defendants, to create unlawful, defamatory content, constituting a material contribution to the illegal content pursuant to *Fair Housing*. *See also MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, No. 02-CV-2727-G, 2004 WL 833595, at *10 (N.D. Tex. Apr. 19, 2004) ("the CDA does not distinguish between acts of creating or developing the contents of reports, on the one hand, and acts of creating or developing the titles or headings of those reports, on the other. The titles and headings are clearly part of the web page content.").

Donegan forwarded The List to the Doe Defendants, many of whom were unknown to Donegan, and actively encouraged them to add content. (Cmplt. ¶¶ 21-22 on p. 5-6). By expressly soliciting anonymous, unvetted rumors of sexual misconduct, Donegan was responsible for the "development" of the defamatory content. *See Ascentive, LLC v. Opinion Corp.*, 842 F. Supp. 2d 450, 475 (E.D.N.Y. 2011) ("[A]ctively encouraging and instructing a consumer to gather specific detailed information is an activity that goes substantially beyond the traditional publisher's editorial role." (quoting *MCW*, 2004 WL 833595, at *10)). "[D]efendants cannot disclaim responsibility for disparaging material that they actively solicit." *MCW*, 2004 WL 833595, at *10. Finally, Donegan created the special designation of "accus[ations] of physical sexual violence by multiple women," (Cmplt. ¶¶ 27-28 on p.7), and her act of creating and implementing that designation—and so designating Plaintiff—constitutes added content and commentary to the allegations. *See Doe v. City of New York*, 583 F. Supp. 2d 444, 449 (S.D.N.Y. 2008) (no immunity where "host" added commentary to third-party content).

For the foregoing reasons, Plaintiff respectfully requests the Court deny Donegan's motion.

Very truly yours,
NESENOFF & MILTENBERG, LLP

By: */s/ Andrew T. Miltenberg*
Andrew Miltenberg, Esq.
Stuart Bernstein, Esq.
Nicholas Lewis, Esq.

CC: All Counsel (Via ECF)

3