# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

STEPHEN ELLIOTT,

*Plaintiff*,

- against -

MOIRA DONEGAN, and JANE DOES (1–30),

*Defendants*.

No. 1:18-cv-05680-LDH-SJB

## [PROPOSED] ORDER

**BULSARA, United States Magistrate Judge:**

This defamation action was commenced by Plaintiff Stephen Elliott ("Plaintiff") against named Defendant Moira Donegan and multiple unnamed "Jane Doe" Defendants (the "Doe Defendant(s)"), who have as of yet remained anonymous. Presently before the Court is Plaintiff's motion for expedited discovery under Federal Rule of Civil Procedure 26(d)(1), seeking permission to serve a subpoena upon Google, LLC, ("Google") to obtain identifying information for certain Doe Defendants. *See* ECF 25-1 (the "Google Subpoena").

The Court concludes that good cause exists to allow for the Google Subpoena to be served.

Accordingly:

**IT IS ORDERED** that Plaintiff may serve the Google Subpoena in compliance with Federal Rule of Civil Procedure 45 on Google to obtain only the identifying information enumerated in the Google Subpoena. Under no circumstances is Plaintiff otherwise permitted to seek or obtain identifying information about Doe Defendants without a further Court order. Each

Google Subpoena shall have a copy of this Order attached; and

**IT IS FURTHER ORDERED** that upon receiving the Google Subpoena, Google shall use reasonable efforts to identify the person(s) whose identifying information is sought in the Google Subpoena, but shall not immediately disclose such information to Plaintiff. Rather, within 30 days of receiving the Google Subpoena, Google shall serve a copy of the Google Subpoena, together with a copy of this Order, upon the person(s) it determines to be associated with the implicated identifying information. If Google is able to identify only the IP address of any person whose identifying information is requested by the Google Subpoena, then Google shall deliver under seal a letter to the Court and to the parties stating that it is unable to provide identifying information for such person apart from their IP address and listing such IP address along with any other information that Google might possess concerning the IP address (*e.g.*, the associated Internet Service Provider (ISP)). Google shall also serve a copy of the Google Subpoena, together with a copy of this Order, upon the Internet Service Provider ("ISP") associated with such IP address. The ISP shall then use reasonable efforts to identify the person(s) associated with such IP address, and shall serve upon them a copy of the Google Subpoena, together with a copy of this Order, within 30 days of receiving copies of the Google Subpoena and this Order from Google.

These measures are appropriate to place the identified person(s) on fair notice of Plaintiff's efforts to obtain his or her identifying information, and his or her rights to contest the Google Subpoena or to litigate it anonymously. In this regard, service by Google or any ISPs upon any of the identified person(s) may be made using any reasonable means, including email to all known email addresses and social media accounts along with written notice sent to his or her last known

address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that any Doe Defendant who receives a copy of the Google Subpoena and this Order will have a period, within 60 days after service, to file any motions with this Court contesting the Google Subpoena (including a motion to quash or modify the Google Subpoena), as well as any request to litigate the Google Subpoena anonymously.  Neither Google nor any ISP may disclose any Doe Defendant's identifying information to Plaintiff, or his counsel or agents, at any time before the expiration of the 60-day period after the date of service on the Doe Defendant.  Additionally, if Google, any ISP or any Doe Defendant files a motion to quash the Google Subpoena, neither Google nor the ISP (as applicable) may turn over any information to Plaintiff, or his counsel or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing Google or the ISP to resume turning over the requested information; and

**IT IS FURTHER ORDERED** that if the 60-day period within which a Doe Defendant may contest or otherwise move with respect to the Google Subpoena lapses without such action, Google or the relevant ISP will have a period of 10 days to produce the information responsive to the Google Subpoena to Plaintiff, or to file its own motion to quash or modify with this Court if it so chooses. In the event that Google, an ISP, or any Doe Defendant moves to quash or modify the Google Subpoena, or to proceed anonymously, they shall at the same time as their filing also notify Google and the ISP (as applicable) so that Google and the ISP (as applicable) are on notice not to release the Doe Defendant's personal identifying information to Plaintiff, or his counsel or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that Google or any ISP receiving a Google Subpoena shall confer with Plaintiff and shall not assess any charge in advance of providing the information

requested therein. If Google or an ISP elects to charge for the costs of production, it shall provide

a billing summary and cost report to Plaintiff; and

      **IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in

response to the Google Subpoena may be used by Plaintiff solely for the purpose of protecting its

rights as set forth in the Amended Complaint; and

      **IT IS FURTHER ORDERED** that until further Order of the Court, each case identified

in the caption above shall be litigated in the name of a "John Doe" or "Jane Doe" defendant,

regardless of what information is ultimately disclosed pursuant to the Google Subpoena.


Dated: Brooklyn, New York                SO ORDERED,
       [    ], 2019


                                     _____
                                     SANKET J. BULSARA
                                     United States Magistrate Judge