## CONFIDENTIALITY ORDER

It is hereby ORDERED that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

  1. Any document that reveals, or in combination with any other document tends to reveal, the identity of any Jane Doe defendant. To avoid doubt, such information includes any email address and/or Gmail account name, IP address, IP address history, name, handle, alias and address of any such individual.

  2. Any document that reveals, or in combination with any other document tends to reveal, the identity of any person who entered information into, and/or contributed, edited, input, highlighted or otherwise manipulated entries, words, data and/or information, on the List (as defined in the Amended Complaint, ECF 24). To avoid doubt, such information includes any email address and/or Gmail account name, IP address, IP address history, name, handle, alias and address of any such individual.

  3. Sensitive personal information, such as social security numbers, financial or banking information, tax records, and employer personnel records.

  4. Medical and legal records, including mental health treatment records, medical files and reports.

  5. Non-public criminal history.

(b) A party may designate as "confidential" any document that falls into the categories listed in paragraph (a) above, including any document which was produced to that party by a third party pursuant to a subpoena.

(c) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(d) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

1

    At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(e)   Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(f)   If any court filing incorporates confidential material or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information, unless independent good cause is demonstrated. In addition to being filed under seal according to the aforementioned procedure, any briefs incorporating or referring to confidential information shall be filed on the ECF docket with all confidential information or references thereto redacted, with "Redacted Version Filed Pursuant to Confidentiality Order" prominently marked on the cover page.

(g)   Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(h)   The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

(i)   If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot

2

(j)  be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(j)  Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(k)  In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(l)  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

This Order is entered without prejudice to the right of any Jane Doe defendant who subsequently appears in the litigation to seek leave of Court to modify the Order. This Order Shall not preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order. Nor shall this Order preclude a party from opposing a Jane Doe defendant's motion to proceed under a pseudonym.

Dated: April 26, 2019

_____
Counsel for Plaintiff Stephen Elliott

Dated:

_____
Counsel for Defendant Moira Donegan

Dated: April 29, 2019

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States Magistrate Judge