

| | Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| | Andrew T. Miltenberg | Ariya M. Waxman | *Senior Litigation Counsel* |
| | ———————— | Tara J. Davis | Megan S. Goddard |
| | Stuart Bernstein | Diana R. Warshow | *Counsel* |
| ATTORNEYS AT LAW | | Gabrielle M. Vinci | Rebecca C. Nunberg |
| nmllplaw.com | | Kara L. Gorycki | *Counsel* |
| | | Cindy A. Singh | Jeffrey S. Berkowitz |
| | | Nicholas E. Lewis | *Counsel* |
| | | Adrienne D. Levy | Marybeth Sydor |
| | | | *Title IX Consultant* |

July 2, 2019

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  **Defendant's Motion to Dismiss in Elliott v. Donegan et al,
           Civil Action No.: 18-cv-05680 (LDH) (SJB)**

Dear Your Honor:

      Pursuant to Your Honor's Individual Practice Rule III.B.1, Plaintiff Stephen Elliott hereby respectfully requests the Court's permission to file a Sur-Reply in the above-referenced matter because Defendant has improperly submitted new factual materials and raised wholly new arguments on the public figure issue.

      As Your Honor is aware, Defendant Moira Donegan's Motion to Dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) is currently pending before this Court, and Counsel for Defendant filed the full set of motion papers on June 20, 2019 (ECF Doc. 41), in accordance with the Court's April 24, 2019 Order regarding Defendant's request for a pre-motion conference (ECF Doc. 29) and pursuant to Your Honor's Individual Practice Rule III.B.2-3.  In her initial Memorandum of Law supporting her motion to dismiss, Defendant asserted that Plaintiff is a public figure, but offered no support or argument whatever for that assertion.  As Plaintiff pointed out in his Memorandum of Law opposing that motion, Defendant bears the burden of proof on the public figure issue, and her failure to make any argument or offer any proof on that issue required denial of her motion to dismiss as a matter of law.  In her Reply papers, Defendant has belatedly attempted to cure that fatal deficiency by raising wholly new arguments and by submitting non-record factual material, including information obtained from a wide array of written works by Plaintiff, articles written about Plaintiff both before and after the commencement of the instant lawsuit, film adaptations of Plaintiff's written work and reviews of Plaintiff's books.  By holding back these arguments and materials from her initial Memorandum of Law, and instead improperly introducing them in her Reply, Defendant has denied Plaintiff his procedurally guaranteed right to respond.

      Plaintiff's right to respond in a Sur-Reply to these new materials is especially important so that Plaintiff bring to the Court's attention two points. First, as detailed in Plaintiff's proposed Sur-Reply, where a defamation defendant brings a 12(b)(6) motion to dismiss based on failure to

1

| NEW YORK | 363 Seventh Avenue | Fifth Floor | New York, NY 10001 | T: 212.736.4500 | F: 212.736.2260 |
| BOSTON | 101 Federal Street | 19th Floor | Boston, MA 02110 | T: 617.209.2188 | |



NESENOFF &
MILTENBERG LLP
ATTORNEYS AT LAW

adequately plead actual malice (as Defendant Donegan has done here), such motion must be denied unless plaintiff's public figure status is "apparent on the face of the complaint" itself, and consideration of non-record materials submitted by defendant is wholly improper. Second, if it were proper for the Court to look outside the record and consider the new arguments and new factual materials submitted by Defendant, her motion to dismiss would still have to be rejected.

Defendant incorrectly argues that Plaintiff's success as an author makes him a public figure, without alerting the Court to the fact that authors of far greater renown have been deemed not to be public figures. Defendant's further attempts to paint Plaintiff as a limited-purpose public figure fly in the face of controlling Supreme Court precedent, because Plaintiff cannot be said to have voluntarily injected himself into the forefront of the *"particular controversy giving rise to the defamation."* issue in this matter. In an attempt to shoehorn Plaintiff into the status of a limited-purpose public figure, Defendant improperly attempts to expand the scope of the particular controversy giving rise to the defamation in this case but does so without any factual support and in direct contradiction with Defendant's own contemporaneous statements. Plaintiff is confident the examination of the governing law, and the facts actually put forth in the pleading at issue, will preclude both the new factual materials and new but incorrect legal arguments presented by Defendant in her Reply Memorandum of Law.

Accordingly, Plaintiff respectfully requests the opportunity to present a more complete, accurate exploration of the public figure issue in this matter. For the foregoing reasons, Plaintiff seeks permission from Your Honor, pursuant to Individual Practice Rule III.B.1, to file the attached, proposed Sur-Reply Memorandum of Law in Further Opposition to Defendant's Motion to Dismiss the Second Amended Complaint pursuant to Rule 12(b)(6).

Very truly yours,
NESENOFF & MILTENBERG, LLP

By: /s/ *Andrew T. Miltenberg*
Andrew Miltenberg, Esq.
Stuart Bernstein, Esq.
Nicholas Lewis, Esq.

CC: All Counsel (Via ECF)