UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEPHEN ELLIOTT,                                                        :
                                                                        :
                        Plaintiff,                                      :
                                                                        :
                                                                        :
            -against-                                                   :     Case No.: 18-cv-5680
                                                                        :
                                                                        :
MOIRA DONEGAN, and JANE DOES (1-30),                                    :
                                                                        :
                        Defendants.                                     :
------------------------------------------------------------------------X

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN FURTHER
OPPOSITION TO DEFENDANT DONEGAN'S MOTION TO DISMISS**

Dated: July 2, 2019
       New York, New York

                                        **NESENOFF & MILTENBERG, LLP**
                                        Andrew T. Miltenberg, Esq.
                                        Nicholas E. Lewis, Esq.
                                        363 Seventh Avenue, 5th Floor
                                        New York, New York 10001

**Table of Contents**

Page

Table of Authorities ................................................................................................................. ii

Preliminary Statement ...............................................................................................................1

Argument ................................................................................................................................ ...1

   I.    DEFENDANT'S NEW EFFORT TO PROVE THAT PLAINTIFF IS A PUBLIC FIGURE IS LEGALLY AND FACTUALLY BASELESS ....................................1

       A.  Defendant's Motion to Dismiss Must Be Denied Unless Plaintiff's Public Figure Status is Apparent on the Face of the Complaint Itself, and Consideration of Outside-the-Pleadings Factual Materials Submitted by Defendant is Inappropriate................................................................................2

       B.  Defendant's Contentions Purporting to Show that Plaintiff is a Public Figure Misunderstand and Misapply the Applicable Governing Law ..........................3

Conclusion .................................................................................................................................8

# Table of Authorities

Cases                                                                                                                   Page(s)

Csepel v. Republic of Hungary,
714 F.3d 591 (D.C. Cir. 2013)......................................................................................2

Foretich v. Capital Cities/ABC,
37 F.3d 1541 (4th Cir. 1994) ........................................................................................1

Fridman v. Bean, LLC,
2019 U.S. Dist. Lexis 7874 (D.D.C. 2019).................................................................2,4

Gertz v. Robert Welch, Inc.,
418 U.S. 323 (1974).............................................................................................3,4,5,6

Harris v. Tomczak,
94 F.R.D. 687 (E.D. Ca. 1982) ................................................................................3,4,5

Hellman v. McCarthy,
10 Media L. Rptr. 1789 (N.Y. Sup. Ct. 1984) .............................................................3,4

Jang v. Trustees of St. Johnsbury Acad.,
331 F. Supp. 3d 312 (D. Vt. 2018)...............................................................................4

Kelly-Brown v. Winfrey,
717 F.3d 295 (2d Cir. 2013).........................................................................................2

Lerman v. Flynt Distributing Co.,
745 F.2d 123 (2d Cir. 1984).......................................................................................4,7

Matthaus v. Hadjedj,
2018 N.Y. Misc. Lexis 1682 (N.Y. Sup. Ct. 2018) ..........................................................1

MiMedx Grp., Inc. v. DBW Partners, LLC,
2018 U.S. Dist. Lexis 166970 (D.D.D.C 2018)................................................................2

Skakel v. Grace,
5 F. Supp. 3d 199 (D. Conn. 2014)..........................................................................1,2,6

Wolston v. Reader's Digest Ass'n,
443 U.S. 157 (1979)...............................................................................................4,6,8

**Other Authorities**

Moira Donegan, "I started the Media Men List: My Name is Moira Donegan
https://www.thecut.com/2018/01/moira-donegan-i-started-the-media-men-list.html .........4

**Preliminary Statement**

On June 20, 2019, Defendant Moira Donegan filed a Reply Memorandum (hereafter "Def. Reply") in support of her motion to dismiss, improperly submitting new factual materials and advancing wholly new arguments in a belated, futile effort to satisfy her burden of proving that Plaintiff was a public figure at the time she defamed him.  Plaintiff Stephen Elliott therefore respectfully submits this sur-reply.

**Argument**

I.   **DEFENDANT'S NEW EFFORT TO PROVE THAT PLAINTIFF IS A PUBLIC FIGURE IS LEGALLY AND FACTUALLY BASELESS**

It is undisputed that Plaintiff is entitled to a presumption that he is a "private individual, subject to the defendant's burden of proving that [he] is a public figure."  Foretich v. Capital Cities/ABC, 37 F.3d 1541, 1553 (4th Cir. 1994); Skakel v. Grace, 5 F. Supp. 3d 199, 212 (D. Conn. 2014) (defamation defendant bears the burden of proof on public figure issue); Matthaus v. Hadjedj, 2018 N.Y. Misc. Lexis 1682 (N.Y. Sup. Ct. 2018).  In her original memorandum of law, Defendant offered only conclusory statements that Plaintiff was a public figure without any support or argument, requiring denial of the actual-malice portion of her motion to dismiss as a matter of law.  *See* Skakel, 5 F. Supp. 3d at 212.  Defendant now tries to cure this deficiency through her Reply, submitting non-record factual materials and advancing wholly new arguments, but this effort is unavailing.   Defendant has not established—and cannot establish on the facts before the Court—that Plaintiff was a public figure at the time she defamed him.

1

**A. Defendant's Motion to Dismiss Must Be Denied Unless Plaintiff's Public Figure Status is Apparent on the Face of the Complaint Itself, and Consideration of Outside-the-Pleadings Factual Materials Submitted by Defendant is Inappropriate.**

Because Defendant bears the burden of proof on this issue, her motion to dismiss based on failure to satisfactorily plead actual malice must be denied unless Plaintiff's public figure status is "apparent on the face of the complaint." Fridman v. Bean, LLC, 2019 U.S. Dist. Lexis 7874 at *12-13 (D.D.C. 2019). The Bean Court's discussion of this issue is exactly on point and worth quoting at length:

> [D]efendants have put plaintiffs' public figure status—and the attendant actual malice standard—in issue as an affirmative defense to defeat plaintiffs' defamation claim. A plaintiff, however, is "not required to negate an affirmative defense in [the] complaint," and resolution of an affirmative defense is proper on a motion to dismiss ***only if the facts required to establish the defense are apparent on the face of the complaint*** (or if the plaintiff concedes public figure status or the facts that establish it). *See, e.g., de Csepel v. Republic of Hungary*, 714 F.3d 591, 607-08 (D.C. Cir. 2013) (internal quotation marks omitted) ("as long as a plaintiffs potential rejoinder to the affirmative defense [is not] foreclosed by the allegations in the complaint, dismissal at the Rule 12(b)(6) stage is improper") . . . . Thus, where a plaintiff has not alleged facts establishing public figure status and "may be able to produce a factual basis for a finding that [the plaintiff] should be considered a private figure with regard to the" allegedly defamatory statements, "there is no basis for imposing on [the plaintiff] an obligation to anticipate in [the] complaint the need to plead facts to defend against defendants' assertion that [the plaintiff] is a public figure." *MiMedx Grp., Inc. v. DBW Partners, LLC*, No. 17-1925, 2018 U.S. Dist. Lexis 166970, 2018 WL 4681005, at *6 (D.D.C. Sept. 28, 2018).
>
> Here, defendants' public figure defense is predicated not on the Amended Complaint allegations ***but on news articles and other documents that defendants have cited in their motion to dismiss***. ***As such, defendants' affirmative defense "requires consideration of facts outside of the complaint" and is "inappropriate to resolve on a motion to dismiss."*** *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013). "These issues are properly addressed at summary judgment or trial." *de Csepel*, 714 F.3d at 608.
>
> Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) is therefore **DENIED**.

Id. at *12-14 (emphasis added); Skakel, 5 F. Supp. 3d at 212 ("The Court cannot rely on extra-judicial facts to conclude at the motion to dismiss stage that the Defendants have carried their burden" of proving that plaintiff Michael Skakel, a convicted murderer and the subject of books

2

as well as copious media attention, was a public figure). Because nothing in Plaintiff's Amended Complaint remotely proves public-figure status, and because Defendant instead relies on outside-the-pleadings factual materials, Defendant's motion to dismiss must be denied.

### B. Defendant's Contentions Purporting to Show that Plaintiff is a Public Figure Misunderstand and Misapply the Applicable Governing Law.

Even if it were proper to consider the outside-the-pleadings materials Defendant now cites, her claim that Plaintiff was a limited-purpose public figure[1] at the time she defamed him would still fail. All her contentions misstate or misapply the governing law.

Defendant's first contention is that Plaintiff is a "well-known author" with "industry renown," the author of many books, articles and screenplays, so that "in the media and literary worlds . . . Mr. Elliott is a public figure." Def. Reply at 1-2. But claims of Mr. Elliott's success as a writer are utterly irrelevant here. Courts have found authors of far greater renown *not* to be public figures. See, e.g., Hellman v. McCarthy, 10 Media L. Rptr. 1789, 1792 (N.Y. Sup. Ct. 1984) (denying summary judgment) (refusing to find that the celebrated author Lillian Hellman was a public figure); Harris v. Tomczak, 94 F.R.D. 687, 707 (E.D. Ca. 1982) (denying summary judgment) (refusing to find that Thomas Harris, author of *I'm Okay—You're Okay*, which had sold over ten million copies worldwide, was a public figure).

Instead, to establish that Mr. Elliott was a limited-purpose public figure, Defendant must prove that Mr. Elliott had voluntarily "injected" himself into the "forefront" of "*the particular controversy giving rise to the defamation*." Gertz v. Robert Welch, Inc., 418 U.S. 323, 352 (1974)

---

[1] Defendant does not even try to argue that Plaintiff was a general-purpose public figure, which he most certainly was not. See Plaintiff's Mem. of Law in Opposition to Motion to Dismiss at 5.

3

(emphasis added); Wolston v. Reader's Digest Ass'n, 443 U.S. 157, 167 (1979) ("a court must focus on the 'nature and extent of an individual's participation in *the particular controversy giving rise to the defamation*") (citation omitted) (emphasis added); Jang v. Trustees of St. Johnsbury Acad., 331 F. Supp. 3d 312, 338 (D. Vt. 2018) (citing cases); *see also* Lerman v. Flynt Distributing Co., 745 F.2d 123, 136 (2d Cir. 1984) ("The question in each case is what is the 'nature and extent of an individual's participation in *the particular controversy giving rise to the defamation.*") (quoting Gertz, 418 U.S. at 323) (emphasis added).

Defendant has not met and cannot meet this burden. She has not remotely established that Plaintiff had any role, much less a prominent role, in the "particular controversy giving rise" to the publication of the List.

The specific controversy that led Ms. Donegan to create the List and to defame Plaintiff on that List is plainly not "apparent on the face of the complaint" and is therefore a matter for discovery, unfit for resolution on a motion to dismiss. *See, e.g.*, Bean, *supra*; Hellman, *supra*; Harris, *supra*. But if it were proper for the Court to look outside the record in order to identify the specific controversy giving rise to the List, presumably the Court would look first to Ms. Donegan's own contemporaneous statements, which tied her decision to create and publish the List to the "intractable problem" of widespread "sexual harassment and assault" against women as well as the difficulties women face reporting and preventing such harassment and assault. Moira Donegan, "I Started the Media Men List: My Name is Moira Donegan," https://www.thecut.com/2018/01/ moira-donegan-i-started-the-media-men-list.html (asserting that she created the List as "a first attempt at solving what has seemed like an intractable problem: how women can protect ourselves from sexual harassment and assault" and that she

4

"wanted to create a place for women to share their stories of harassment and assault without being needlessly discredited or judged").

There is no evidence before this Court that, prior to publication of the List, Mr. Elliott had voluntarily injected himself into any public controversy concerning sexual harassment or assault against women, much less that he had assumed a prominent role in that controversy. No evidence indicates that Mr. Elliott had published a single word about these issues. Defendant emphasizes that Mr. Elliott had written openly about his own consensual masochistic sexual activity, Def. Reply at 2-3, but such writing manifestly has nothing to do with the problems women face concerning sexual harassment and assault. Accordingly, Defendant has utterly failed to prove that Plaintiff had any role in, much less injected himself into the "forefront" of, the "particular controversy giving rise to the defamation." Gertz, 418 U.S. at 352.

To stave off this obvious conclusion, Defendant's counsel seeks to recharacterize in far more general terms the controversy that gave rise to the List, stating that the List was published "amid" a "public controversy" about "the ethics of consent and the public significance of sexual misconduct by prominent men." This recharacterization of the controversy that motivated Defendant to publish the List is wholly conclusory—pure conjecture unsupported by any factual or record evidence—and contradicts Ms. Donegan's own contemporaneous statements. It does not even describe a "particular controversy," but is rather a blatant post-hoc attempt to cast a net so wide as to cover Plaintiff and his writings. See Harris, 94 F.R.D. at 703 (warning against "post hoc characterizations" "of the relevant controversy," which are "inevitably biased by the existence of the litigation"). In any event, even this recharacterization of the controversy giving rise to the List is unavailing to Defendant, given that Plaintiff has not remotely been shown to have assumed a position of prominence in a debate over "the public significance of sexual misconduct by

5

prominent men," and any claim to the contrary simply raises disputed issues of fact. Because the "parties disagree[] as to the nature and extent of [Plaintiff's] participation in the controversy giving rise to the defamation," Defendant's motion to dismiss must be denied. Skakel, 5 F. Supp. 3d at 212.

Defendant's final contention is that because Plaintiff has written about his own consensual masochistic sexual activities, and "has made his name setting fire to conventional sexual mores," he somehow became a public figure for purposes of any defamation in any way related to "permitted (and prohibited) sexual conduct." Def. Reply at 3 & n.3 (emphasizing that a memoir written by Plaintiff includes descriptions of his permitting a "sex worker girlfriend" to "carve[] letters into his skin"). But there is no evidence before the Court that Mr. Elliott's writings about his masochistic sexual activities had anything to do with the "particular controversy giving rise" to the List.

At bottom, Defendant's argument rests on the appalling notion that an individual who publicly reveals his own unconventional sexual desires thereby becomes open season for any defamers who want to publish anonymous unsubstantiated rape accusations against him while wrapping themselves in the mantle of the First Amendment. That is not the law. Under clear and controlling Supreme Court precedent, Defendant must prove that Mr. Elliott was at the "forefront" of the "particular controversy giving rise" to the defamations published on the List, and Defendant has offered no such proof. Gertz, 418 U.S. at 352; Wolston, 443 U.S. at 167. The truth is that Ms. Donegan set out, by her own admission, to publish anonymous rape accusation "rumors" against any man involved in the media industry, and the claim that Mr. Elliott's writings had any connection to the controversy that led her to do so is pure post-hoc rationalization, at best raising myriad factual issues patently unfit for a 12(b)(6) motion.

6

The Lerman case, cited *supra* and relied on by Defendant (see Def. Reply at 6), is most certainly not to the contrary. In Lerman, the world-famous author Jackie Collins had sued for defamation after defendant published a magazine article commenting on the "increased willingness of 'serious' actresses to appear nude in films." Lerman, 745 F.2d at 127. Along with the article, defendant displayed nude photographs of a woman film actress appearing in an "orgy" scene, incorrectly identifying Ms. Collins as the "starlet" depicted in the photographs. Id. Finding that Ms. Collins was a limited-purpose public figure with respect to the magazine article, the Court specifically noted that Ms. Collins had expressly taken a prominent public position against "the fact that women more frequently than men appear unclad in films and magazines," advocating "'equal nudes for all.'" Id. at 137. At the same time, the Court identified the particular controversy giving rise to the defamation as the debate over "sex and nudity in films." Id. Because of the manifestly tight, specific connection between that controversy and Ms. Collins's express advocacy on the subject of actresses appearing nude in films, and because of Ms. Collins's "prominence" in that controversy, the Court found that she had become "a public figure for the limited purpose of commenting on sex and nudity in films." Id.

Lerman is thus completely inapposite to this case. There is no tight, specific connection between Mr. Elliott's writings and the particular controversy giving rise to the List, and the List contained no commentary on any subject as to which Mr. Elliott was a prominent advocate. On the contrary, as stated above, no facts before this Court indicate that Mr. Elliott had ever (prior to his efforts to refute the List's accusations against him) taken any position, much less a prominent one, on the sexual harassment of women, on the problem of sexual assaults against women, or on the difficulties women face in reporting such harassment or assaults—the particular controversies that, according to Defendant Donegan herself, gave rise to the List. Lerman certainly does not

7

stand for the proposition that any individual who writes about his own unconventional sexual desires thereby becomes a public figure for the purpose of publishing baseless rape accusations against him. In Wolston, the Supreme Court warned lower courts against accepting public figure arguments that "would create an 'open season' for all who sought to defame persons convicted of a crime." 443 U.S. at 169. Surely those who acknowledge unconventional sexual desires deserve no less protection.

## Conclusion

Because Defendant has not shown that Plaintiff had ever taken any position, much less a prominent one, in "the particular controversy giving rise to the defamation," she has failed to satisfy her burden of proving that Plaintiff was a public figure at the time she defamed him, and her motion to dismiss must therefore be denied.

**Dated:  New York, New York
July 2, 2019**

                **NESENOFF & MILTENBERG, LLP**

                **/s/ Andrew T. Miltenberg
Andrew Miltenberg, Esq.**