

**NESENOFF & MILTENBERG** LLP
ATTORNEYS AT LAW
nmllplaw.com

Ira S. Nesenoff
Andrew T. Miltenberg
Stuart Bernstein

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Kara L. Gorycki
Cindy A. Singh
Nicholas E. Lewis
Adrienne D. Levy

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Jeffrey S. Berkowitz
*Counsel*
Marybeth Sydor
*Title IX Consultant*

October 22, 2019

**VIA ELECTRONIC FILING**
The Honorable Sanket J. Bulsara
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Elliott v. Donegan, et al., Civil Case No. 1: 18-cv-05680-LDH-SJB**

Dear Magistrate Judge Bulsara,

    We represent Stephen Elliott ("Plaintiff") in the above-referenced matter, and respectfully submit this letter to request a further conference and to update Your Honor on the status of the Court's April 29, 2019 Order (Docket No. 35, the "Court's Order") permitting Plaintiff to serve a subpoena (Docket No. 25-1, the "Google Subpoena") upon Google, LLC ("Google") to obtain identifying information for certain Doe Defendants in this matter. The Google Subpoena was served upon Google in compliance with Federal Rule of Civil Procedure 45, in accordance with the Court's Order; however, as described further below, Plaintiff was unsuccessful in obtaining identifying information for the Doe Defendants despite the undersigned counsel's best efforts. Defendant Moira Donegan ("Defendant Donegan"), through counsel, advises she opposes Plaintiff's further efforts, and the below requests, to identify the Doe Defendants, but consents to Plaintiff's request for a conference with Your Honor.

    The parties appeared before Your Honor on April 12, 2019 for an initial conference. At said conference, Defendant Donegan consented to Plaintiff's service of the Google Subpoena.[1] The Court found good cause for the Google Subpoena to be served and issued the Court's Order outlining the procedures to be followed by Google in unmasking the Doe Defendants. The Google Subpoena, and the annexed Court's Order, were served upon Google on or about May 2, 2019.

---

[1] Ms. Donegan consented without prejudice to her right to file a motion to quash or raise any defenses in any other proceeding. Additionally, Ms. Donegan has filed a motion to dismiss the second amended complaint on June 20, 2019 (Docket No. 40). The motion has been fully briefed and the parties await a date for oral argument on the motion from the Honorable LaShann DeArcy Hall.



Google, through counsel, objected to the Google Subpoena on a number of grounds, including improper service, the federal Stored Communications Act ("SCA") and to the extent it sought information available directly from defendant, or another source, that was more convenient or less burdensome. Google also advised it did not have sufficient information to identify responsive records, like a URL for the Google Spreadsheet at issue or email addresses for users who accessed same. While Plaintiff respectfully disagreed with Google's objections based on service and SCA grounds, he did attempt to provide a valid URL for the Google Spreadsheet as of October 11, 2017, and what he believed was Defendant Donegan's email from a publicly available source.[2] Google advised the additional information, the URL and Defendant Donegan's email, failed to yield better search results. Due to the lack of information presently available to Plaintiff, Google could not identify the Jane Doe defendants who contributed to Plaintiff's row, or the cells attributed to Plaintiff, in the Google Spreadsheet referred to as The List within the instant litigation. Counsel for Google, however, did reiterate that Google users can access and download their own information and data by simply logging into their account.

On October 8, 2019, October 18, 2019, and October 21, 2019, the undersigned counsel for Plaintiff contacted counsel for Defendant Donegan, to confirm Defendant Donegan remained unwilling to provide information to identify the Doe Defendants. Plaintiff requested any identifying information in Defendant Donegan's possession, and advised he would accept the information in any form Defendant Donegan chose to provide same. Plaintiff further detailed the manner in which Defendant Donegan could access and download all data from her Google account. Counsel for Defendant Donegan reiterated their consistent position that Ms. Donegan was (1) unable to access the requested identifying information,[3] and, (2) even if she were able to access the information, Defendant Donegan would be unwilling to assist Plaintiff. Defendant Donegan objects to any and all requests from Plaintiff to obtain identifying information of Jane Doe Defendants from her. Plaintiff maintains his request for any identifying information of potential Doe Defendants from Defendant Donegan, in any manner of disclosure acceptable to the Court.

Plaintiff, again, submits the same good cause for expedited discovery to determine the identity of Doe defendants, as was present in Plaintiff's original motion for the same relief pursuant to Federal Rule of Civil Procedure 26(d)(1) (Docket No. 19). Plaintiff stated a prima facie case of defamation and remains unable to identify the Doe defendants without court intervention. *MiMedx Group, Inc. v. Sparrow Fund Management LP*, 17-CV-07568 (PGG)(KHP), 2018 WL 847014 at *11 (S.D.N.Y Jan. 12, 2018) (citing *adMarketplace, Inc.*, 2013 WL 4838854 at *2). *See also Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *K-Beech, Inc. v. Does 1-29*, No. CV 11-3331(JTB)(ETB), 2011 WL 4401933 at *1 (E.D.N.Y. Sept. 19, 2011). Further, the discovery request is reasonable because the request is specific, narrowly tailored to obtain information necessary to advance the claims in this matter, and alternative means to obtain the subpoenaed information, including the Google Subpoena, have been exhausted. *See North Atlantic Operating*

---

[2] Plaintiff served subsequent subpoenas with no change from the Google Subpoena, but for an additional URL and Ms. Donegan's purported email, in order for Google to determine whether the additional information was useful to identify the Doe Defendants, or the relevant version of the Google Spreadsheet for the appropriate time period on October 11, 2017. Plaintiff also served additional copies of the subpoena upon New York's Secretary of State, as an additional means of service upon Google.

[3] Counsel first advised Defendant Donegan deleted the relevant Google account on October 21, 2019.



*Co., Inc. v. Evergreen Distributors, LLC*, 293 F.R.D. 363 (E.D.N.Y. 2013). (*See* Docket No. 19). Plaintiff will accept identifying information in any permissible form of disclosure, whether by c

confidential correspondence, in response to interrogatories, a limited deposition, or upon a thorough search of Defendant Donegan's electronically stored information by a third-party vendor.

Plaintiff seeks to identify the person, or people, who input, edited, highlighted or otherwise manipulated the defamatory accusations about him in The List. Plaintiff prefers to obtain the identities in the most efficient, expeditious and cost-effective manner possible, as previously suggested to Defendant Donegan.

For the reasons stated herein, Plaintiff submits there is good cause for said expedited discovery request to identify the Jane Doe Defendants and advance Plaintiff's actionable claim. Plaintiff is unable to identify the Jane Doe Defendants without further court intervention.

Plaintiff respectfully requests a conference with Your Honor to discuss the issues herein. Defendant Donegan consents to the conference, only, and the parties would be willing to appear by phone if Your Honor prefers. The parties are currently available for a conference on October 29, 2019, between 9:00 a.m. and 11:30 a.m., on October 30, 2019, between 9:00 a.m. and 10:30 a.m., and any time November 1, 2019, or at any other time convenient for the Court.

We thank Your Honor for the Court's guidance, courtesy and consideration in this matter.

Very truly yours,
NESENOFF & MILTENBERG, LLP

By: _____

Andrew Miltenberg, Esq.
Stuart Bernstein, Esq.
Nicholas Lewis, Esq.

CC: All Counsel (Via ECF)

By filing this letter, I certify pursuant to Federal Rule of Civil Procedure 37(a)(1) that I, in good faith, conferred with Defendant Donegan's counsel, Kaplan Hecker & Fink LLP, in an effort to resolve this dispute and obviate the need for court intervention to identify the Jane Doe Defendants. The undersigned spoke by phone with Joshua Matz, Esq., on October 8, 2019, with Martha E. Fitzgerald, Esq. on October 18, 2019, and with Roberta A. Kaplan, Esq., on October 21, 2019, to request assistance identifying the Jane Doe Defendants.

By: _____

Andrew Miltenberg, Esq.
Stuart Bernstein, Esq.
Nicholas Lewis, Esq.

3