UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
ELLIOT,                        : 18-cv-05680-LDH-SJB
                Plaintiff,     :
                               :
    - versus -                 : U.S. Courthouse
                               : Brooklyn, New York
                               :
                               :
DONEGAN, et al.,               : November 6, 2019
                Defendants     : 4:36 PM
------------------------------X

TRANSCRIPT OF CIVIL CAUSE FOR PROCEEDINGS
BEFORE THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE

A   P   P   E   A   R   A   N   C   E   S:


**For the Plaintiff**:      **Nicholas Evan Lewis, Esq.**
                            Nesenoff & Milternberg LLP
                            363 Seventh Avenue
                            5th Floor
                            New York, NY 10001


**For the Defendant**:      **Roberta Ann Kaplan, Esq.**
                            **Martha Fitzgerald, Esq.**
                            Kaplan Hecker & Fink LLP
                            350 Fifth Avenue
                            Suite 7110
                            New York, NY 10118



**Transcription Service**:  **Transcriptions Plus II, Inc.**
                            61 Beatrice Avenue
                            West Islip, New York 11795
                            laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1           THE COURT:  Okay.  We're here for a conference

2    on 18-cv-5680.

3           Can the parties state their names for the

4    record, please?

5           MR. LEWIS:  Yes, Nicholas Lewis for Stephen

6    Elliot of Nesenoff & Milternberg, sir.

7           THE COURT:  Good afternoon.

8           MR. LEWIS:  Good afternoon, Judge.

9           MS. KAPLAN:  Roberta Kaplan, your Honor, for

10   the defendant.  I'm here from Kaplan Hecker and I am here

11   with my colleague, Martha Fitzgerald.

12          THE COURT:  Good afternoon.

13          Okay, so I read the plaintiff's letter and I'm

14   frankly a little confused why we're here now.  You know,

15   it strikes me, we have a fully-briefed motion to dismiss,

16   and you know, you've amended your complaint once, I

17   believe, so what's the point of even raising this at this

18   juncture?

19          MR. LEWIS:  Well, may I --

20          THE COURT:  You don't need to stand.

21          MR. LEWIS:  Oh, thank you, your Honor.

22          THE COURT:  I appreciate it.

23          MR. LEWIS:  Well, the -- in going back and

24   forth with Google, there were -- of course they had a

25   number of objection up front with regard to service, the

3

Proceedings

1   Stored Communications Act, though we had agreed prior to

2   getting into that litigation or argument, that they would

3   at least check to see if they even were able to identify,

4   and your Honor had granted, finding good cause for the

5   limited purpose of identifying the Jane Does, and it was

6   our position that since I am not quite sure when we would

7   be arguing the motion to dismiss, that perhaps further

8   efforts to identify the Jane Does beyond whether gaining

9   additional information, so that I might identify them

10  myself, or further gaining more information for the same

11  purpose of resending a subpoena to Google with additional

12  information, the point being that we believe there still

13  remains the same good cause for early discovery, just to

14  identify the Jane Does.

15          THE COURT:  Well, when I issued the order,

16  there certain was good cause and it was directed at

17  Google, and but there have been some developments in the

18  interim, the fully briefly of the motion to dismiss the

19  amended complaint.

20          But I guess the question is, okay, we're not

21  here vis-a-vis Google anymore.  We're here -- you're

22  seeking the -- if I read your letter correctly, the

23  discovery from the defendants which is -- I'm not sure

24  that, you know, I found that there was good cause for.

25  The question was about a third-party subpoena, and so --

4

                              Proceedings

1    and I'm not sure you exactly answered my question because

2    I think -- let me play it out a few steps, okay?

3           If Judge DeArcy Hall grants the defendants'

4    motion to dismiss after having filed a single amended

5    complaint, it may be that the dismiss is with prejudice,

6    and that's potentially dispositive of all claims as

7    against the named defendant, and against any potential

8    Jane Does or not, but it certainly means that the case in

9    its current posture goes away, and this defendant is no

10   longer in the case.

11          So facing that fully dispositive -- now I

12   recognize that in the context of an adversarial

13   litigation, you can seek from a third-party discovery as

14   a means of perhaps initiating other litigation, or doing

15   what you may with or assisting in this existing

16   litigation, but I don't hear you say okay, by the way, it

17   helps me change what is presented to Judge DeArcy Hall in

18   terms of the motion to dismiss.  It's just -- am I right

19   about that?

20          In other words, the arguments are it's whether

21   it's defamatory or not, and you finding out the names of

22   people who entered information isn't going to change

23   that.

24          MR. LEWIS:  Well, other than the people who

25   entered information would be the defendants, and the

5

Proceedings

1    complainant.

2          THE COURT:  To be sure, you would get to add

3    other people on the other side of the V potentially but

4    it doesn't change whether or not you stated a cause of

5    action, and therefore it doesn't change anything that

6    Judge DeArcy Hall would have to consider or do with

7    respect to a fully briefed pending motion.

8          MR. LEWIS:  Well, your Honor, if we are able to

9    identify the defendants, that's -- it would not be a

10   dispositive motion for those defendants.  It would only

11   be for defendant Donegan.

12         THE COURT:  Well, okay, so then I'll pay it out

13   one step -- this step further.  You name another -- a

14   bunch of people on the other side of the V, and if it's

15   dispositive as to defendant Donegan, then it's either law

16   of the case or the same reasoning as equally applied to

17   dismiss those defendants because it goes to the cause of

18   action, am I right?

19         MR. LEWIS:  No, your Honor, because defendant

20   Donegan is -- if defendant -- if someone else had

21   physically put the -- input the defamatory language, that

22   would not be -- they would not have the -- they would not

23   be making the same arguments as Ms. Donegan would.

24         Ms. Donegan, we're not certain, and Ms. Donegan

25   has affirmatively stated she hasn't been the one to input

6

Proceedings

1  the actual defamatory accusations.  The Jane Does -- the

2  purpose of identify Jane Does would be the -- it would

3  identify the person who actually put the specific

4  defamatory language in.

5           THE COURT:  Well, I am not sure that -- maybe

6  you're right, maybe you're not, but you don't seem to be

7  saying it in any event, that it changes the current

8  motion against the defendant who we do know.  Right?

9           There are some motions for discovery that could

10 potentially change whether or not a cause of action has

11 been stated or not, because you could amend your

12 complaint as against the -- or you get information that

13 says hey, perhaps, Judge, you should not decide on the

14 pleadings, you should decide on extra pleading evidence,

15 and this is more appropriate for summary judgment.

16          There are such motions where discovery can aid

17 you and the Court's disposition of the motion dismissed.

18 You have not -- none of this assists; isn't that right?

19          MR. LEWIS:  Well, unless of course it

20 identifies Ms. Donegan as the person who input the

21 information against -- if Ms. Donegan did, in fact, type

22 the defamatory accusation against my client, then it

23 certainly would change.

24          THE COURT:  Is that actually what you're

25 subpoena seeks?

Proceedings

1          MR. LEWIS:  Well, the subpoena seeks the

2   identify information for whomever put -- entered

3   information into Mr. Elliot's cells; so, yes.

4          THE COURT:  Do the defendants agree with that?

5   Is that even right?

6          MS. KAPLAN:  My understanding -- your Honor,

7   Roberta Kaplan -- my understanding was that as Mr. Lewis

8   said was that the purpose of the subpoena on Google was

9   to try to identify the other Jane Does or John Does --

10          THE COURT:  For the purposes of adding them to

11   the case.

12          MS. KAPLAN:  Correct.  And I think the

13   understanding now is that Google does not have that

14   information.  Quite frankly, your Honor, as I've told Mr.

15   Lewis, Ms. Donegan doesn't either.  And I mean, I could

16   stop there or I could --

17          THE COURT:  Yeah, well I guess -- you presented

18   the motion, and subpoena for the purpose of getting

19   information to add other defendants, right --

20          MR. LEWIS:  Well, to identify --

21          THE COURT:  -- not to -- and it's only because

22   I'm now pressing you to see if the timing and the

23   procedural posture is, right, is correct, and i.e., if it

24   changes your current motion to dismiss, you are now

25   saying for the first time, that it might change how you

8

Proceedings

1 present your motion to dismiss.

2          MR. LEWIS:  Well, I don't know who put the --

3 the defendants were -- are technic -- are in the

4 complaint as Jane Does.  It was to identify and unmask

5 those defendants.  It was not to add them.

6          THE COURT:  Fine.  Whether to unmask them or to

7 add them as defendants, but it doesn't help you in the

8 primary claim but that wasn't the purpose of the

9 subpoena, that's not what you wrote in your letter.

10          MR. LEWIS:  To unmask the -- I'm --

11 respectfully, your Honor, I believe I did the -- the

12 purpose of unmasking the Jane Does who actually wrote the

13 defamatory language was specifically the purpose for my

14 letter.

15          THE COURT:  But if you got information that it

16 was, for example, not Ms. Donegan who inputted any of the

17 information in the spreadsheet, you're not going to

18 suddenly drop the claim against her, are you?

19          MR. LEWIS:  No.

20          THE COURT:  Okay.  You know --

21          MS. KAPLAN:  I was hoping for a different

22 answer, your Honor.

23          MR. LEWIS:  Well, I --

24          THE COURT:  But you know, it doesn't strike me

25 -- well, a couple of things.  I don't think at this

9

Proceedings

1    juncture, in light of a pending dispositive motion which

2    disposes of the entirety of the case, there is good cause

3    to seek discovery from this defendant.  Certainly your --

4    none of the cases you cite speak to that eventuality but

5    I guess I have -- but putting that to one side, you

6    accepted a proffer from Google that it doesn't have the

7    information in its possession.

8           MR. LEWIS:  It was that it was unable to

9    locate, given the information that I provided, which was

10   limited.

11          THE COURT:  Fair enough but you accepted that

12   proffer that you didn't test with a motion to enforce the

13   subpoena, correct?

14          MR. LEWIS:  That's correct.

15          THE COURT:  Okay.  Ms. Donegan says she doesn't

16   have the spreadsheet anymore either, so why is that

17   proffer not sufficient?  Why are we here?

18          MR. LEWIS:  Well, that's actually a good,

19   Judge.  The other -- if Ms. Donegan did, in fact, delete

20   her Google account, I do believe that would be

21   information that would be -- make a difference in the

22   dispositive motion, as well.  I should've mentioned that

23   before, your Honor.  But --

24          THE COURT:  Well, I am not sure that that --

25   and why is that?

Proceedings

1          MR. LEWIS:  Well, I believe it would show a

2    mind set of guilt.

3          THE COURT:  I'm not sure that's actually one of

4    the elements of a defamation claim, but --

5          MR. LEWIS:  Well, I think it goes towards

6    actual malice.

7          THE COURT:  But I guess going back to the

8    question I asked, right, is we're here to see whether or

9    not we will grant your permission to serve discovery on

10   the defendants, and overcome a discovery stay.

11          You've served a subpoena on Google.  The normal

12   practice would be to attempt to enforce the subpoena, and

13   to test their responsive statements.  You would either do

14   that by, you know, getting them to serve a declaration

15   upon you that says they have no information or otherwise,

16   okay, but -- and I basically was like you need to go

17   exhaust whatever that is before we start discovery here.

18          MR. LEWIS:  Okay.

19          THE COURT:  Instead of doing that, you said

20   okay, now I want it from the defendant who says I also

21   don't have the information, so I suspect if you served a

22   discovery request, you're not -- you're going to get the

23   same thing Google told you, which is -- and so, it's not

24   exactly clear what we're doing at this posture, or what

25   we're seeking.

11

Proceedings

1      MR. LEWIS:  The -- in Google's response, they
2 state that it would be more easily recovered by
3 defendants in the case.

4      Now Ms. Donegan, if she hasn't deleted her
5 Google account, there -- I did send to opposing counsel
6 the manner in which a Google user can retain their data,
7 which includes their mail, their Google Drive, which
8 would have Google Sheets.

9      These are all steps that can be taken to
10 recover data.  I don't know, obviously what Ms. Donegan
11 -- what her status is with her account, or her
12 familiarity with Google process, I certainly did not
13 before.

14      THE COURT:  But fair enough, but I said it was
15 okay to serve discovery on Google.  We set forth a
16 multi-step procedure to protect the identities of
17 individuals, to give them an opportunity to quash, to see
18 if they were actually, you know, and you basically took a
19 letter from Google, and you kind of went home, and you
20 didn't exhaust all of the ability to, you know, take
21 advantage of the third-party discovery you were able to
22 get, and now you're seeking the discovery from the party
23 defendant, and I think you're in a much more difficult
24 place because I've imposed a stay.  I found the stay is
25 appropriate, and we have a fully briefed dispositive

Proceedings

1   motion, and nothing you said seems to overcome that.

2   Plus, I am not persuaded in the least, I guess at this

3   point, that if this defendant indicates she doesn't have

4   the spreadsheet in the typical course of civil discovery,

5   okay, you don't make someone go say to backup tapes, or

6   archived materials, or you know, send your hard drive for

7   recovery of deleted stuff, okay?  So you know --

8           MR. LEWIS:  Yes, sir.

9           THE COURT:  -- you're in a -- you know, that's

10  a whole burden beyond that.

11          MR. LEWIS:  Well, and your Honor if I -- as far

12  as I understood the stay was tied to the Google subpoena.

13  I don't know if --

14          THE COURT:  Meaning what?

15          MR. LEWIS:  Meaning -- well, sort of -- if the

16  stay is -- absent the stay, if there was no stay, and we

17  could engage in discovery, that would've been the other

18  option, I suppose.

19          THE COURT:  Well, whether that's true or not,

20  and I haven't looked back at the stay --

21          MR. LEWIS:  I have --

22          THE COURT:  -- I'm not going to permit

23  discovery at this point, in light of the fact that

24  there's a pending dispositive motion with -- and you've

25  already filed an amended complaint.

Proceedings

1          MR. LEWIS:  Okay.

2          THE COURT:  I recognize that was after a

3    dialogue with Judge DeArcy Hall, and the pre-motion

4    conference but still, it means that the chance for --

5    with prejudice dismissal, should again, the motion be

6    granted, but also the --

7          MR. LEWIS:  Understood.

8          THE COURT:  Look, to overcome the stay, even if

9    that had not been applied, you would have to show other

10   things which you haven't attempted to show, right, that

11   you know, information would get stale.  There's some

12   timeliness that your client needs that waiting would

13   otherwise preclude, and I'm not sure any of that is true

14   here, right, because the evidence is in whatever state it

15   is, or it's not.  And I haven't heard anything to suggest

16   that, you know, earlier discovery is somehow if we -- if

17   we started -- or put it differently, if we started

18   discovery after the motion to dismiss were -- if it were

19   to be denied, why that's problematic in the least for

20   your client.

21         MR. LEWIS:  I understand, your Honor.  I can

22   make a separate application in writing, and there's --

23          THE COURT:  Well, I --

24         MR. LEWIS:  Because I was referring to the good

25   cause -- I guess my mistake was the finding good cause

14

Proceedings

1   for early discovery to identify the Jane Does, it was not

2   specifically, and only -- it was not specifically, and

3   only for the Google third-party subpoena.

4           THE COURT:  Well, look, we're here.

5           MR. LEWIS:  Yes.

6           THE COURT:  You know, we have to reschedule the

7   conference, understandably, but we're here now.  I'm not

8   sure written submissions help.  I'm happy to hear from

9   you but the point is, you know, if that really was your

10  understanding which, you know, I haven't looked at the

11  stay application, it was many moons ago, but you know you

12  haven't served any discovery in the interim period on the

13  defendant, as far as I'm aware, and so why -- you know,

14  that suggests either you didn't believe that the stay was

15  as you say it was or that the discovery isn't as

16  necessary on an expedited time basis, as you may now

17  think.

18          In other words, you know, the only reason

19  you're here before me now is because you didn't get from

20  Google, not because we haven't had party discovery, not

21  because you wanted to do party discovery --

22          MR. LEWIS:  Well, they all are.

23          THE COURT:  You haven't served arty discovery.

24          MR. LEWIS:  Well, we've done just initial

25  disclosures, that was the --

15

Proceedings

1      THE COURT:  I understand but that's because I
2  think I directed the parties that they had to do initial
3  disclosures, I believe, but I'm happy to hear from you.
4      MR. LEWIS:  Sure.
5      THE COURT:  I mean, whatever good cause you
6  think I'm --
7      MR. LEWIS:  Well --
8      THE COURT:  You know, this is why we're having
9  a hearing.
10     MR. LEWIS:  Yes, your Honor.  I believe the --
11  identifying the Jane Does, I do believe it would make a
12  difference, if there are -- is a way to obtain
13  identifying information from the Jane Does from Ms.
14  Donegan in any fashion, then having it done now would
15  certainly affect plaintiff's ability to prosecute this
16  matter because the claims against a Jane Doe defendant
17  who would be identified would be certainly far more
18  pointed, and a straightforward case, in that there's a --
19  the person who specifically wrote the false accusation
20  would have to answer for it, and there'd be -- it would
21  be a far easier claim because we're of the position it
22  was a falsity, and the person, whoever input it, would
23  not be able to establish it -- would not be able to
24  establish the truth.
25          So it's -- that case is a far -- it would not

16

Proceedings

1   be affected, would be our position, by Judge DeArcy

2   Hall's ruling.  However, if Judge DeArcy Hall does, in

3   fact, grant Ms. Donegan's motion, and we're unable to get

4   information from defendant Donegan in the course of

5   discovery, then our ability to identify the Jane Does

6   will be essentially nothing at this point, because that's

7   the only connection we'd have to get either the

8   information about the Jane Does or information that would

9   lead to -- would be -- make it easier for Google to

10  identify the Jane Does.

11          And I understand, I can certainly press the

12  Google subpoena.  This seemed to me to be the more

13  efficient, less litigious route to go.

14          THE COURT:  Well, look, theoretically could be

15  but the defendant says I don't have the spreadsheet or

16  the account anymore.

17          MS. KAPLAN:  Just to correct, your Honor, she

18  doesn't have the spreadsheet.  She didn't delete her

19  Google account.

20          THE COURT:  Okay.

21          MS. KAPLAN:  But she did delete the

22  spreadsheet.

23          THE COURT:  And the --

24          MR. LEWIS:  That was my misunderstanding.

25          THE COURT:  But --

17

Proceedings

1          MR. LEWIS:  Well, then that, she does have the
2  account then.
3          THE COURT:  But in any event, even every -- if
4  everything you were to say were accepted as true for the
5  purposes of discussion or argument, those don't go to the
6  stay factors.  They don't -- particularly when there's
7  been a long elapsing of time, and the fact that you have
8  the ability to exhaust vis-a-vis Google.
9          Now if your point is the reason I need
10  discovery is because if Judge DeArcy Hall grants my
11  motion -- grants the defendant's motion with prejudice,
12  then I don't ever get to know who the Jane Does are,
13  okay?  I'm not sure that there's any entitlement to that
14  information in that posture because the original claim
15  would have been one, deemed as a matter of law at the
16  pleadings, not to be an appropriate claim.
17          If the claim proceeds, right, then you are
18  entitled to get discovery because it potentially bears on
19  that initial claim, okay?  But in the absence of a viable
20  initial claim, there's not a general freestanding right
21  to, you know, material that could be the basis of a claim
22  through court process, at least, and that's the reason
23  that argument doesn't change my mind.
24          I recognize that may be the result but without
25  a viable claim, where the posture is the claim that you

18

Proceedings

1  have brought is dismissed as a matter of law, your access

2  to third-party discovery is appropriately closed.

3        You know, Ms. Kaplan, anything else you want --

4  anything you want to say at this point?

5        MS. KAPLAN:  Just very briefly, your Honor, I

6  -- unfortunately, Judge DeArcy Hall wasn't here to hear

7  what was just said, but I think in a lot of ways what Mr.

8  Lewis just said only validated the arguments that we make

9  in our motion to dismiss.

10        Plaintiff does not believe really that our

11  client wrote the statements about him on the spreadsheet.

12  He only alleged that on information and belief, you can

13  hear what he is saying right now, he's looking for the

14  right person to sue.  The Federal Rules of Civil

15  Procedure do not allow you to do that.

16        If she was either one of the other two theories

17  that they have, either a scribe who took down information

18  about Mr. Lewis' client from someone else, or someone who

19  just, which it happens to be the truth, just created the

20  spreadsheet, she's absolutely protected under the CDA,

21  and under either of those theories, there's no malice

22  that could possibly be alleged against her.

23        To drag Ms. Donegan into these proceedings

24  through discovery, and all the attended burdens and costs

25  that our firm has gone through here, just to try to

Transcriptions Plus II, Inc.

19

Proceedings

1  figure out who these women were, or men, whoever it was,

2  who wrote about plaintiff, is really not fair.  I urge --

3  I heard -- if she's reading this someday, I urge Judge

4  DeArcy Hall to grant the motion, and I think that should

5  be the end of this.

6            THE COURT:  Okay.

7            MR. LEWIS:  Just to be clear, your Honor, I do

8  not know.  Ms. Donegan, through counsel, has stated she's

9  not the person who wrote it.  I don't know.  That's the -

10 - one of the purposes for both the Google subpoena, and

11 for --

12           THE COURT:  Well, I think the point may be

13 this, and this is why the argument you made about third-

14 parties doesn't, you know, allow for discovery of this

15 case.

16           A party may understandably want information

17 about a lot of things to see if the person does or does

18 not have a lawsuit.  That often requires investigative

19 work outside of the context of the litigation, and the

20 rules do not -- you know, yes, if you -- if the claims

21 against ms. Donegan are dismissed with prejudice, you're

22 checkmated out of discovery from her or third parties

23 about who these other people may be but that's

24 appropriately so.

25           So at this point, I am not going to permit the

20

Proceedings

1   motion or serving of party discovery.  And I know I

2   raised this because I raise it every time, at the last

3   conference, I assume there's no interest while a motion

4   is pending, to discuss a resolution short of litigation?

5           MS. KAPLAN:  From our end, I think that's true,

6   your Honor.

7           MR. LEWIS:  That's right.

8           THE COURT:  Okay.  Because I -- you know, I say

9   to both sides, as I say in every case, the best case in

10  the world has an 80 percent chance of winning, but I am

11  sure if the case continues, I will see you all again, but

12  if it does not, I think the only posture to get the

13  discovery is the Google method, and if they've told you

14  they don't have anything, I think that's your answer.

15          I am also persuaded by the fact that I'm not

16  sure the discovery you seek from the defendant here will

17  turn up anything at all, so --

18          MR. LEWIS:  Well, just to be clear, your Honor,

19  it is, in fact, as I emailed to opposing counsel, if the

20  Google account was not deleted, then the data created

21  including the spreadsheets, emails, that were sent, can

22  be located through --

23          THE COURT:  But then we return to my other

24  point, which is in the typical course of civil discovery,

25  even electronic discovery, absent additional cause, okay,

21

Proceedings

1   and if someone deletes something say in the ordinary

2   course, we don't go make them restore backup tapes, and

3   go contact third parties for restoration of information,

4   unless there's some reason to do that, and even if there

5   is, there's cost shifting and other things they're

6   talking about, but at this stage, I'm not going to

7   contemplate that.

8            Is there anything else?

9            MS. KAPLAN:  Not from our side, your Honor.

10           MR. LEWIS:  No, not at this time, your Honor.

11           THE COURT:  All right.  Have a nice day

12  everyone.

13           MS. KAPLAN:  Thank you, your Honor.

14               (Matter concluded)

15                   -o0o-

16

17

18

19

20

21

22

23

24

25

22

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **7th** day of **November**, 2019.

*Linda Ferrara*
Linda Ferrara

AAERT CET 656

Transcriptions Plus II, Inc.