

| Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| Andrew T. Miltenberg | Tara J. Davis | *Senior Litigation Counsel* |
| | Diana R. Warshow | Rebecca C. Nunberg |
| Stuart Bernstein | Gabrielle M. Vinci | *Counsel* |
| | Kara L. Gorycki | Jeffrey S. Berkowitz |
| | Cindy A. Singh | *Counsel* |
| | Nicholas E. Lewis | Marybeth Sydor |
| | Adrienne D. Levy | *Title IX Consultant* |
| | Ryaan Nizam | |
| | Regina M. Federico | |

ATTORNEYS AT LAW

nmllplaw.com

February 17, 2020

**VIA ELECTRONIC FILING**
The Chambers of the Honorable Judge LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Elliott v. Donegan, et al.*, No. 1: 18-cv-05680-LDH-SJB

Dear Judge DeArcy Hall,

      We represent Stephen Elliott ("Plaintiff") in the above-referenced matter and submit this letter in response to Defendant Moira Donegan's ("Defendant") submission, dated February 12, 2020, with excerpts of Plaintiff's published works (Docket No. 58, "Defendant's Selected Excerpts"). Defendant's Selected Excerpts are submitted for Your Honor's consideration on the issues of whether Plaintiff is a limited-purpose public figure as posited by Defendant in her Motion to Dismiss the Second Amended Complaint (Docket No. 40, the "Motion to Dismiss"). As stated at the February 7, 2020 oral argument, Plaintiff respectfully objects to the Court's consideration of any of the extraneous material submitted by Defendant, including Defendant's Selected Excerpts, and pray the Court excludes the additional material to decide the Motion to Dismiss on the complaint alone.

      Plaintiff respectfully submits Defendant's Selected Excerpts are matters outside the pleadings warranting exclusion by the Court at the Motion to Dismiss stage and would be more appropriately considered, after discovery, within the context of a Motion for Summary Judgment. *See Palin v. New York Times Company*, 940 F.3d 804 (2d. Cir 2019). Defendant's citation to the 2005 Chicago Tribune article in which Plaintiff is referred to as a "rock star" is particularly egregious as Defendant clearly submits same for the truth of the matter asserted.

      Should Your Honor consider Defendant's Selected Excerpts, Plaintiff respectfully asserts the selected published works, published before the "Me Too" movement started, fail to establish Plaintiff has injected himself into the controversy as a prominent figure. In response to Defendant's Selected Excerpts, we submit both descriptions of the selected works by the publisher as displayed on Amazon.com as well as context for the selections by Defendant.

1

| NEW YORK | 363 Seventh Avenue | Fifth Floor | New York, NY 10001 | T: 212.736.4500 | F: 212.736.2260 |
| BOSTON | 101 Federal Street | 19th Floor | Boston, MA 02110 | T: 617.209.2188 | |

Case 1:18-cv-05680-LDH-SJB Document 59 Filed 02/17/20 Page 2 of 2 PageID #: 545



      We thank Your Honor for the Court's continued guidance, courtesy and consideration in this matter.

      Very truly yours,
**NESENOFF & MILTENBERG, LLP**

By: */s/ Andrew T. Miltenberg*
**Andrew Miltenberg, Esq.**

cc: All Counsel (Via ECF)