

| | Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| --- | --- | --- | --- |
| | Andrew T. Miltenberg | Tara J. Davis | *Senior Litigation Counsel* |
| | ———————— | Diana R. Warshow | Rebecca C. Nunberg |
| | Stuart Bernstein | Gabrielle M. Vinci | *Counsel* |
| **ATTORNEYS AT LAW** | | Kara L. Gorycki | Jeffrey S. Berkowitz |
| ———————— | | Cindy A. Singh | *Counsel* |
| **nmllplaw.com** | | Nicholas E. Lewis | Marybeth Sydor |
| | | Adrienne D. Levy | *Title IX Consultant* |
| | | Ryaan Nizam | |
| | | Regina M. Federico | |

June 9, 2020

**VIA ELECTRONIC FILING**
The Chambers of the Honorable Judge LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Elliott v. Donegan, et al.*,
              <u>Case No.: 1:18-cv-05680-LDH-SJB</u>

Dear Judge DeArcy Hall,

      We represent Stephen Elliott ("Plaintiff") in the above-referenced matter and submit this letter in response to Defendant Moira Donegan's ("Defendant") recent submission, dated June 5, 2020, entitled Declaration of Roberta A. Kaplan (Docket No. 61, the "Declaration"). In the Declaration, Ms. Kaplan declares Defendant has provided true and accurate copies of the excerpts of Plaintiff's published works, originally annexed to her February 12, 2020 letter submission (Docket No. 58-1, "Defendant's Selected Excerpts"). Defendant's Selected Excerpts are submitted for Your Honor's consideration on the issue of whether Plaintiff is a limited-purpose public figure as posited by Defendant in her Motion to Dismiss the Second Amended Complaint (Docket No. 40, the "Motion to Dismiss"). As stated at the February 7, 2020 oral argument, and subsequently in Plaintiff's February 17, 2020 response, Plaintiff respectfully objects to the Court's consideration of any of the extraneous material submitted by Defendant, including Defendant's Selected Excerpts, and prays the Court excludes the additional material to decide the Motion to Dismiss on the Second Amended Complaint, *alone*.

      Plaintiff respectfully objects to consideration of Defendant's Selected Excerpts as matters outside the pleadings, warranting exclusion by the Court at the Motion to Dismiss stage. No party discovery has taken place as of this date. Defendant's Selected Excerpts would be more fairly considered, after discovery, within the context of a Motion for Summary Judgment. *See Palin v. New York Times Company*, 940 F.3d 804 (2d. Cir 2019).

      Should Your Honor consider Defendant's Selected Excerpts, Plaintiff, again, asserts that the selected published works, published before the "Me Too" movement started, fail to establish Plaintiff has injected himself into the controversy, much less as a prominent figure. The selected publications are in no way about or related to the "Me Too" movement, or the specific controversy expounded upon by Ms. Donegan in public statements about The List. Plaintiff is not a limited-



purpose public figure; however, should the Court disagree, Plaintiff submits, the Motion to Dismiss should still be denied. As detailed in opposition to the motion, the allegations in the Second Amended Complaint give rise to a more than plausible inference of Defendant's actual malice. We thank Your Honor for the Court's continued guidance, courtesy and consideration in this matter.

**Very truly yours,**
**NESENOFF & MILTENBERG, LLP**

**By:** */s/ Andrew T. Miltenberg*
     **Andrew Miltenberg, Esq.**

**CC: All Counsel (Via ECF)**