

| | Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| --- | --- | --- | --- |
| | Andrew T. Miltenberg | Tara J. Davis | *Senior Litigation Counsel* |
| | ——————— | Diana R. Warshow | Rebecca C. Nunberg |
| | Stuart Bernstein | Gabrielle M. Vinci | *Counsel* |
| | | Kara L. Gorycki | Jeffrey S. Berkowitz |
| ATTORNEYS AT LAW | | Cindy A. Singh | *Counsel* |
| ——————— | | Nicholas E. Lewis | Marybeth Sydor |
| **nmllplaw.com** | | Adrienne D. Levy | *Title IX Consultant* |
| | | Ryaan Nizam | |
| | | Regina M. Federico | |

July 8, 2020

**VIA ELECTRONIC FILING**
The Honorable Sanket J. Bulsara
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Elliott v. Donegan, et al.,*
              Civil Case No.: 1:18-cv-05680-LDH-SJB

Dear Magistrate Judge Bulsara,

      We represent Stephen Elliott ("Plaintiff") in the above-referenced matter, and respectfully submit this letter outlining the discovery Plaintiff wishes to obtain consistent with Judge DeArcy Hall's Memorandum and Order (Docket No. 65, the "Court's Memorandum and Order") as directed by Your Honor's July 1, 2020 Scheduling Order. Judge DeArcy Hall directs the parties to proceed without delay to narrowly tailored discovery to address factual issues related to Defendant Moira Donegan's Communications Decency Act ("CDA") immunity defense. The below discovery requests are intended to reveal whether Ms. Donegan may be considered an "information content provider", in which case CDA immunity would not attach. *See* Court's Memorandum and Order, Pg. *10. Should the discovery reveal Defendant Donegan created or developed the unlawful content, whether by inputting the allegations against Plaintiff, and/or by encouraging the posting of the unlawful content on The List, she will be unable to establish her CDA immunity defense. Court's Memorandum and Order, Pg. *10 to *12.



In accordance with Your Honor's July 1st Directive, Plaintiff respectfully requests permission to obtain the following discovery which, he respectfully submits, is relevant to factual issues related to Defendant's CDA immunity defense:

I. DOCUMENT PRODUCTION
   a. All versions of the Google spreadsheet Defendant Donegan created entitled "Shitty Media Men" ("The List"), in any format.
   b. All documents, recordings, notes, and communications, including but not limited to, e-mails, text messages, social media posts, direct messages, instant messages, photographs, video, memes, voice messages, voice mails, letters or other correspondence concerning:
      i. The List, by any name, including but not limited to the idea of creating The List, the purpose of The List, instructions for accessing, editing, circulating, contributing to, publishing, and/or disclosing The List.
      ii. Invitations, solicitations and/or encouragement to access, edit, contribute, and/or add individuals, allegations or any other information to The List.
      iii. Access to The List, whether via attachment, hyperlink and/or any other manner of transfer.
      iv. Any of the information or allegations input into The List, including information or allegations that were received by Defendant by any means of communication and subsequently added to The List by Defendant Donegan, or at her direction, as well as any comment, qualification, addendum, reference to and/or inquiry regarding information and/or allegations already input into The List.
      v. Any of the individuals named in The List or proposed as potential names to be added to The List, including references to Plaintiff Stephen Elliott, and Defendant Donegan's contributions to his row and The List, in general.
      vi. The anonymity, confidentiality or corroboration (or lack thereof) of the individuals who accessed, edited, circulated or contributed to The List in any way, as well as the veracity or corroboration (or lack thereof) of the allegations within The List, or lack thereof.
   c. Every draft of articles, essays, manuscript, and/or any other writings, whether for publication or not, written by Defendant Donegan in which she discusses her involvement, creation, circulation and/or publication of The List, including each individual part, and/or draft, of the essay that eventually became the article entitled, "I Started the Media Men



List: My Name is Moira Donegan," published on January 10, 2018, on TheCut.com ("*The Cut*"), an online division of New York Magazine.

II. **INTERROGATORIES**

   a. Identify all documents provided in response to (I) Document Production Demands, above, and whether any documents that would have been responsive to said demands were lost, inaccessible and/or have been deleted, and, if deleted, describe the details of the deletion.

   b. Describe, in detail, each step Defendant Donegan took to create The List, including the steps taken utilizing her Google account(s), the date, time and location of where she was when she created The List, the Google account(s) utilized by her to create The List, the individuals who assisted Defendant Donegan in creating The List, if any, and any device(s) Defendant Donegan used to access, create, contribute to, circulate and/or communicate about The List.

   c. Identify when Defendant Donegan deleted the Google account(s) listed in II(b) above, and describe, in detail, each step taken by Defendant Donegan, or others, to delete said Google account(s).

   d. In identifying the device(s) used to access, create, contribute to, circulate and/or communicate about The List in II(b) above, identify whether Defendant Donegan still possesses said device(s) and, if she does not, the circumstances and manner in which she lost possession of said device(s).

   e. Describe the manner in which Defendant Donegan communicated with others about The List, and each device(s) used to communicate about The List. If a phone was used to communicate about The List, please identify the number associated with said phone, the carrier and whether said phone and/or number are still in Defendant Donegan's possession. If the internet was used to access, create and/or circulate The List, please describe the internet service provider, if known, and whether the internet was a public or private network, and who controlled said network.

   f. Identify the individual(s) Defendant Donegan communicated with regarding the creation, contribution, publication and/or circulation of The List, and the substance of said individuals' communications with Defendant Donegan. For each individual, in addition to the information outlined in Local Civil Rule 26.3, please identify any e-mail address(es), social media handle(s), phone number(s) or any other identifying information utilized by Defendant Donegan to communicate with said individual(s), the manner in which Defendant Donegan communicated with said individual(s), the medium(s) and/or device(s)



      used to communicate with said individual(s), the approximate date(s) and time(s) of said communications, as well as the substance of the communication(s) and whether Defendant Donegan possesses a record of said communication(s). If said communications were lost, inaccessible and/or have been deleted, and, if deleted, describe details of the deletion

   g. Describe, in detail, all of the contributions, additions and/or edits Defendant Donegan made to The List, and the manner in which she made said contributions, additions and/or edits.

   h. Describe, in detail, any contributions, additions and/or edits Defendant Donegan made to The List, for any information Defendant Donegan received from others and input, or caused to be input, into The List. Identify any individuals who provided such information.

   i. Describe, in detail, any act done by Defendant Donegan with regard to the entries concerning Stephen Elliott, including any information she entered, contributed to or edited, as well as the manner in which she highlighted his entry, and/or the communications she had regarding Stephen Elliot and/or the allegations against him.

   j. Describe all the manners in which Defendant Donegan, circulated The List, commented on The List, including the individuals, information and/or allegations therein, promoted The List, and/or encouraged others to access, contribute and/or circulate The List, and the manner in which she instructed others to access, contribute to and/or circulate The List, including instructions on how to protect their anonymity in doing so.

III. <u>DEPOSITION(S)</u>

   a. Defendant Donegan

   b. if necessary, due to Defendant Donegan's deletion of the evidence described above, third-party deposition(s) of individual(s) with relevant information as to Defendant Donegan's conduct in creating, contributing to, circulating, communicating about and/or encouraging others to access, contribute to and/or circulate The List.

Plaintiff would like to note it is his understanding that Defendant Donegan is likely to have deleted certain documents and/or information responsive to the above requests. It is unclear whether said documents and/or information are recoverable. If certain documents and/or information are not recoverable, then, Plaintiff submits, it would likely be necessary to conduct limited third-party discovery to obtain the missing, relevant information. Plaintiff therefore requests the Court direct Defendant Donegan to provide information as to the timing, and scope,



of her deleting relevant information, including but not limited to, the Google account she utilized to create, contribute to and/or communicate about The List, related documents, information and/or communications.

The undersigned looks forward to the opportunity to discuss the subject discovery requests with this Honorable Court.  We thank Your Honor for the Court's guidance, courtesy and consideration in this matter.

                                        Very truly yours,
                                        **NESENOFF & MILTENBERG, LLP**

                              **By:**    */s/ Andrew T. Miltenberg*
                                        **Andrew Miltenberg, Esq.**
                                        **Stuart Bernstein, Esq.**
                                        **Nicholas Lewis, Esq.**
                                        **Phil Byler, Esq.**