**KAPLAN HECKER & FINK LLP**

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

**Direct Email:  rkaplan@kaplanhecker.com**

July 17, 2020

**By CM/ECF**

The Chambers of the Honorable Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Elliott v. Donegan, et al.*, No. 1:18-civ-05680-LDH-SJB

Dear Judge Bulsara,

I write on behalf of Defendant Moira Donegan in response to Plaintiff Stephen Elliott's letter regarding CDA discovery, as provided by the Court's July 1, 2020 Scheduling Order and its July 14, 2020 Order granting Ms. Donegan's request for an extension of time.

In her Memorandum & Order issued June 30, 2020, Judge DeArcy Hall identified four specific factual issues bearing on Ms. Donegan's CDA defense for which "narrowly tailored discovery" is warranted. ECF 65 at 26. Those issues are as follows: (1) whether Ms. Donegan personally fabricated and entered the statements regarding Mr. Elliott; (2) whether Ms. Donegan published another's statements about Mr. Elliott that were "not provided to [her] for use on the Internet"; (3) whether Ms. Donegan published another's statements about Mr. Elliott and in so doing "materially contributed to the allegedly defamatory meaning"; and (4) whether Ms. Donegan "specifically encouraged" the posting of unlawful content about Mr. Elliott. *See id.* at 20-24.

Based on our review of Judge DeArcy Hall's opinion, as well as our preliminary review of Ms. Donegan's documents, we propose the following discovery plan:

<u>Document Discovery from Ms. Donegan</u>

We have collected from Ms. Donegan all potentially relevant documents that are within her possession, custody, or control. As was discussed at the November 6, 2019 status conference in this case, Ms. Donegan maintained a practice in October 2017 and the months that followed of deleting communications relating to the List, identifying contributions to the List, or describing experiences and allegations of sexual harassment or abuse. *See* Hr'g Tr., ECF 52, at 16:17-22. Our review of the documents collected from Ms. Donegan confirms that this was her practice.

We have nonetheless identified a small number of documents relevant to the CDA factual issues for which Judge DeArcy Hall has ordered "narrowly tailored discovery." We are prepared to produce those documents to Mr. Elliott's counsel. However, they contain extremely sensitive

information—including personal identifying information for women who contributed to the List, who describe personal experiences of sexual abuse, and who identify other victims and perpetrators of sexual abuse. We respectfully submit that the personal identifying information on these documents (and any other personally identifying details within them) should be redacted. Discovery is now limited exclusively to the four fact questions listed above pertaining to the CDA. Each of those issues relates *only* to Ms. Donegan's conduct and does not turn on the identity of the persons with whom she communicated in the documents at issue. At the very least, redactions are proper so that affected parties are not abruptly unmasked without an opportunity to enter appearances and be heard by this Court—a crucial consideration that the Court previously recognized in its Order addressing the Google Subpoena. *See* Order, ECF 35, at 2 ("These measures are appropriate to place the identified person(s) on fair notice of Plaintiff's efforts to obtain his or her identifying information, and his or her rights to contest the Google Subpoena . . ."); *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (emphasizing that "the public generally has a strong interest in protecting the identities of sexual assault victims"). Needless to say, if Mr. Elliott objects to a particular redaction, he could bring that issue to the Court for a potential unmasking process with fair notice to affected persons.

### Third-Party Discovery

We anticipate that Mr. Elliott may seek document discovery against third parties. To the extent that he does so, we agree to cooperate with Mr. Elliott's counsel in that process. Ms. Donegan has informed me that her Twitter and Instagram accounts, as well as potentially her phone's texting and Signal applications, may once have contained relevant communications that have since been deleted.

### Interrogatories

Mr. Elliott has proposed numerous wide-ranging interrogatories. We take no position on those interrogatories at this time, except to say that Ms. Donegan reserves all rights to object, including on the grounds that they are overbroad, unduly burdensome, or fall outside the scope of the discovery contemplated by Judge DeArcy Hall's June 30, 2020 Memorandum and Order.

### Testimony by Ms. Donegan

After the above document and written discovery is completed, in order to make things more efficient, Ms. Donegan would propose submitting an affidavit setting forth her direct testimony regarding CDA immunity. She is further prepared to sit for a 2-hour deposition following submission of that affidavit, limited to the CDA issues. We have no objection to Ms. Donegan sitting for a second deposition in this case at a future date, if Mr. Elliott's claims survive our anticipated motion for summary judgment on the question of CDA immunity.

KAPLAN HECKER & FINK LLP

3

We look forward to discussing these issues with Your Honor on July 23, 2020.

Respectfully submitted,

Roberta A. Kaplan, Esq.
Kaplan Hecker & Fink LLP

*Counsel for Defendant Moira Donegan*