# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   (212) 763-0883
DIRECT EMAIL   jmatz@kaplanhecker.com

November 23, 2020

**By CM/ECF**

The Chambers of the Honorable Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Elliott v. Donegan, et al.*, No. 1:18-civ-05680-LDH-SJB

Dear Judge Bulsara,

I represent Defendant Moira Donegan and write on behalf of Plaintiff Stephen Elliott and Ms. Donegan. Following a series of productive conversations, Mr. Elliott and Ms. Donegan have reached agreement on a proposed amended confidentiality order (Exhibit A) and a proposed order relating to the non-party subpoena that Mr. Elliott intends to serve on *The New Republic* (Exhibit C). For the reasons given below, the parties jointly and respectfully request that the Court enter these proposed orders or, in the alternative, schedule a status conference to address them.

Proposed Amended Confidentiality Order (Exhibit A)

Earlier in this litigation, the Court approved a confidentiality order geared primarily toward the privacy concerns associated with Mr. Elliott's non-party subpoena on Google. *See* ECF 35-1. In light of the factual and procedural context in which it arose, that order does not contain explicit protections for (1) commercially sensitive information and intellectual property or (2) personally sensitive information relating to sexual harassment or abuse shared with Mr. Elliott or Ms. Donegan by individuals who are neither Jane Doe defendants in this litigation nor contributors to the Google Spreadsheet. In addition, some language in that confidentiality order does not appear to contemplate document productions beyond those in response to the Google subpoena.

To redress these concerns—which are both implicated by the parties' ongoing document productions—Mr. Elliott and Ms. Donegan jointly and respectfully request that the Court enter the proposed amended confidentiality order attached to this letter as Exhibit A.[1]

In support of their request, Mr. Elliott and Ms. Donegan respectfully submit that good cause exists under Federal Rule of Civil Procedure 26(c) to modify the confidentiality order to protect these categories of documents from public disclosure or uses outside this litigation.

First, Mr. Elliott and Ms. Donegan are authors whose in-progress or forthcoming work product may be produced as part of the discovery process. Such commercially sensitive and proprietary information is properly subject to a protective order. *See* Rule 26(c)(1)(G) (providing that protective orders issued under Rule 26 may "require[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"). The language that the parties propose adding to the confidentiality order to address this issue is drawn from the model confidentiality order provided in Appendix A to Your Honor's Individual Practices. We proposed only two modifications to capture the unique privacy concerns at issue in this litigation: (1) revising "commercially sensitive data" to "commercially sensitive information"; and (2) inserting "intellectual property" after "trade secrets."

Second, the operative confidentiality order protects only Jane Doe Defendants and Google Spreadsheet contributors against the public disclosure of documents that may reveal experiences of sexual harassment or abuse. Mr. Elliott and Ms. Donegan agree that a modification is warranted to extend such protection to any person whose experiences of sexual harassment or abuse may be revealed by the document productions in this case. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006); *see also* Fed. R. Civ. P. 26(c)(1) (providing that protective orders under Rule 26 may be issued "to protect a party or person from annoyance, embarrassment, [or] oppression").[2]

Finally, as the redline in Exhibit B reflects, we propose minor edits to the confidentiality order to account for productions from sources other than Google—for example, adding "telephone numbers" to the nonexclusive list of personally identifying information that is to be kept confidential under the order. The parties respectfully submit that these edits are justified to protect confidential information that may be produced in this new phase of the litigation.

<u>Proposed Order Relating to a Non-Party Subpoena (Exhibit C)</u>

Mr. Elliott intends to serve a non-party document subpoena (Exhibit D) on *The New Republic*—Ms. Donegan's employer at the time the Google Spreadsheet was active—seeking "any documents, communications or electronically stored information that *The New Republic* possesses concerning former employee Moira Donegan's conduct related to a Google Spreadsheet entitled

---

[1] For clarity and to ensure consistency with Your Honor's Local Practice III.C., attached as Exhibit B is a redline reflecting the parties' proposed changes from the current confidentiality order (ECF 35-1).

[2] In setting forth this position, Mr. Elliott reserves all rights respecting his ability to move to un-redact any individuals' identities in the instant litigation; his request to enter the orders attached as Exhibit A and Exhibit C should not be taken as any indication or affirmation that he believes the redaction is required by the applicable Federal Rules of Civil Procedure or that the identifying information is irrelevant for any purpose in this litigation.

'Shitty Media Men', from the time period of October 1, 2017 until the time she was no longer employed by *The New Republic*." Consistent with their approach to the Google Subpoena, Mr. Elliott and Ms. Donegan wish to ensure that there are robust confidentiality protections in place for documents which concern or reveal any third party's experiences of sexual harassment, assault, or abuse.[3]

Therefore, Mr. Elliott and Ms. Donegan jointly and respectfully request that the Court enter the proposed order attached here as Exhibit C. Pursuant to this proposed order, *The New Republic* would be required—in its response to Mr. Elliott's subpoena—to redact all personal identifying information that reveals, or in combination with any other information tends to reveal, the identity of any person who experienced sexual harassment, assault, or abuse. Should Mr. Elliott wish to un-redact any material produced by *The New Republic*, the proposed order provides that Mr. Elliott may file a motion with this Court seeking such relief, which would trigger a notice procedure designed to afford any affected third parties an opportunity to seek counsel and take appropriate legal action. Mr. Elliott and Ms. Donegan agree that this process is appropriate given the highly sensitive nature of the information that might conceivably be disclosed.

Conclusion

For the reasons set forth above, Mr. Elliott and Ms. Donegan respectfully request that the Court enter their proposed amended confidentiality order (Exhibit A) and their proposed order relating to the non-party subpoena that Mr. Elliott intends to serve on *The New Republic* (Exhibit C). In the alternative, Mr. Elliott and Ms. Donegan respectfully request that the Court schedule a status conference within the remaining discovery period to address the issues raised by this letter.

Respectfully submitted,

Joshua Matz, Esq.
Kaplan Hecker & Fink LLP

*Counsel for Defendant Moira Donegan*

---

[3] In setting forth this position, Ms. Donegan reserves all rights respecting Mr. Elliott's proposed subpoena; her request to enter the Order attached as Exhibit C should not be taken as any indication or affirmation that she believes Mr. Elliott's proposed non-party subpoena complies with the applicable Federal Rules of Civil Procedure.