UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEPHEN ELLIOTT,

            *Plaintiff*,

- against -

MOIRA DONEGAN, and JANE DOES (1–30),

            *Defendants*.

**Oral Argument Requested**

No. 1:18-cv-05680-LDH-SJB

## JOINT MOTION TO FILE REDACTED SUMMARY JUDGMENT MATERIALS

| | |
|---|---|
| Andrew T. Miltenberg | Roberta A. Kaplan |
| Nicholas E. Lewis | Joshua Matz |
| Phil Byler | Raymond P. Tolentino |
| NESENOFF & MILTENBERG, LLP | KAPLAN HECKER & FINK LLP |
| 363 Seventh Avenue, Fifth Floor | 350 Fifth Avenue, Suite 7110 |
| New York, New York 10001 | New York, New York 10118 |
| (212) 736-4500 | (212) 763-0883 |
| amiltenberg@nmllplaw.com | rkaplan@kaplanhecker.com |
| nlewis@nmllplaw.com | jmatz@kaplanhecker.com |
| pbyler@nmllplaw.com | rtolentino@kaplanhecker.com |
| *Attorneys for Plaintiff Stephen Elliott* | *Attorneys for Defendant Moira Donegan* |

Served on June 2, 2021

## PRELIMINARY STATEMENT

On May 21, 2021, Defendant Moira Donegan filed a fully briefed motion for targeted summary judgment based on immunity under the Communications Decency Act. *See* ECF Nos. 88-90. Because the briefs and accompanying documents were shot through with confidential material under the governing Confidentiality Order, *see* ECF No. 74-1(f), and consistent with oral guidance from Judge DeArcy Hall's courtroom deputy, the parties filed the motion and all accompanying documents under seal. On May 25, 2021, the Court directed the parties to submit "a redacted version of the motion for summary judgment and accompanying briefs on the public docket and a companion motion to seal." Order by Magistrate Judge Sanket J. Bulsara on May 25, 2021. In light of that order, the parties have revisited the summary judgment materials and jointly determined that only certain portions of the summary judgment record may properly be redacted under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir 2006).[1] Accordingly, the parties have filed a redacted version of the summary judgment materials and respectfully seek leave to file the redacted portions of those materials under seal.[2]

## ARGUMENT

The Second Circuit applies a three-part test to determine if documents may remain under seal: "First, the court must determine whether the documents are indeed judicial documents, to which the public has a presumptive right of access." *Nycomed US, Inc. v. Glenmark Generics*, No. 8 Civ. 5023, 2010 WL 889799, at *2 (E.D.N.Y. Mar. 8, 2010) (citing *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007)). Second, "the court must determine . . . whether the presumption is an especially strong one that can be overcome only by extraordinary circumstances or whether the

---

[1] Counsel for each party conducted the targeted redactions for their respective summary judgment papers.
[2] Because the Court's order directed only that the parties file "a redacted version of the motion for summary judgment" and "a companion motion to seal," the parties have not separately submitted unredacted versions of the motion for summary judgment and related papers, but would of course be prepared to do so expeditiously if directed by the Court.

presumption is a low one that amounts to little more than a prediction of public access absent a countervailing reason." *Id.* "Third, once the weight of the presumption is determined, a court must balance competing considerations against it." *Id.*

Here, the first two steps broadly weigh in favor of disclosure of the summary judgment papers. *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) ("[I]t is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.'" (quoting *Lugosch*, 435 F.3d at 121)). At the third step, however, the Court must "balance competing considerations—including but not limited to . . . the privacy interests of those resisting disclosure—against the presumption in favor of public access." *Kavanaugh v. Zwilling*, 997 F. Supp. 2d 241, 256 (S.D.N.Y. 2014) (cleaned up). Among the factors this Court may consider in evaluating the privacy interests at stake in this case are: "(1) the privacy interest of 'innocent third parties,' which constitute a 'venerable common law exception to the presumption of access'; (2) 'the degree to which the subject matter is traditionally considered private rather than public,' a determination in which 'family affairs, illness, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public'; and (3) 'the nature and degree of the injury' that will be caused by revealing the information.'" *Roberts v. Lederman*, No. 4 Civ. 33, 2004 WL 2238564, at *7 (E.D.N.Y. Oct. 4, 2004) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995)).

Here, those considerations justify the targeted redactions proposed by the parties. Ms. Donegan and unnamed third parties have compelling, specific privacy concerns that override the

public's presumptive interest in disclosure of the unredacted summary judgment filings. To protect those privacy concerns, the parties have proposed limited redactions covering these topics:

- Ms. Donegan's current and former address, *see* Exhibit B 5:2-5:3, 16:24-16:25;

- Information that might reveal the identity of individuals who entered information into the Spreadsheet, *see* Exhibit B 11:3-11:17, 12:11-12:14, 37:21-37:22, 78:18-79:2, 99:4-99:5; *see also* Exhibits C-G;

- Information concerning the identity of individuals who input information into Mr. Elliott's entry in the Spreadsheet, *see* Exhibit B 96:13-97:15;

- Discussions of unrelated confidential legal matters, *see* Exhibit B 109:12-109:22, 117:3-117:18; and

- Sensitive commercial information (covered by nondisclosure obligations) related to Ms. Donegan's unpublished book manuscript, *see* Plaintiff's Exhibit 3.

Disclosure of information on any of these topics would needlessly undermine the privacy interests of Ms. Donegan and other third parties and would pose a substantial risk of injury—including through additional harassment, public embarrassment, reputational harm, and possible safety concerns. *See Nycomed*, 2010 WL 889799, at *8. As the Second Circuit has emphasized, where court documents contain highly sensitive personal information (including information that relates to experiences or allegations of sexual assault or abuse), courts must take special account of the privacy interests of defendants and innocent third parties in determining whether the public should be able to access those documents. *See, e.g.*, *Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020) (reversing district court decision that allowed the public to access video testimony of a witness recounting their experience of sexual assault); *Application of Newsday*, 895 F.2d 74, 79-80 (2d Cir. 1990) (reasoning that "the privacy interests of innocent third parties as well as those of defendants . . . should weigh heavily in a court's balancing equation" and the district court properly did so by "redact[ing] references to innocent third parties" (quotation omitted)); *Amodeo*, 71 F.3d at 1051 ("Courts have long declined to allow public access simply to cater 'to a morbid craving

for that which is sensational and impure.'" (quoting *In re Caswell*, 29 A. 259, 259 (1893)). Consistent with that precedent, this Court has already taken steps to protect the privacy interests of Ms. Donegan and other third parties. *See* Transcript of Telephone Conference before the Honorable Sanket J. Bulsara at 12:3-12:8, *Elliott v. Donegan*, No. 18 Civ. 5680 (S.D.N.Y. Jan. 5, 2021), ECF No. 81. Permitting the parties' narrowly tailored redactions would protect those acknowledged privacy interests while fully respecting the public's right of access to the summary judgment materials.

## CONCLUSION

For the foregoing reasons, the Court should grant the parties' joint motion to file redacted summary judgment materials. If the Court may be inclined to deny any part of this motion, and to order that proposed redactions be lifted, the parties respectfully request a hearing on that issue.

Dated: June 2, 2021  Respectfully submitted,

New York, New York  /s/ Joshua Matz

| | |
|---|---|
| Andrew T. Miltenberg | Roberta A. Kaplan |
| Nicholas E. Lewis | Joshua Matz |
| Phil Byler | Raymond P. Tolentino |
| NESENOFF & MILTENBERG, LLP | KAPLAN HECKER & FINK LLP |
| 363 Seventh Avenue, Fifth Floor | 350 Fifth Avenue, Suite 7110 |
| New York, New York 10001 | New York, New York 10118 |
| (212) 736-4500 | (212) 763-0883 |
| amiltenberg@nmllplaw.com | rkaplan@kaplanhecker.com |
| nlewis@nmllplaw.com | jmatz@kaplanhecker.com |
| pbyler@nmllplaw.com | rtolentino@kaplanhecker.com |
| *Attorneys for Plaintiff Stephen Elliott* | *Attorneys for Defendant Moira Donegan* |