# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN ELLIOTT,<br><br>*Plaintiff*<br><br>v.<br><br>MOIRA DONEGAN, and JANE DOES (1-30),<br><br>*Defendants* | No. 1:18-cv-05680-LDH-SJB |

## AFFIDAVIT OF MOIRA DONEGAN

I, Moira Donegan, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a writer based in Brooklyn, New York.

2. On or around October 11, 2017, using my personal Google drive account, I created a Google spreadsheet titled "Shitty Media Men." In this affidavit, for the sake of convenience, I will refer to that document as "the Google Spreadsheet."

3. Approximately 12 hours after I first shared it with others, I deleted the Google Spreadsheet from my personal Google account.

4. In creating the Google Spreadsheet, I initially selected settings that allowed any person I invited to edit it. After a few hours, I modified the settings so that any person with a link could edit it, whether in a manner that could reveal their identity (for instance, if they edited the Google Spreadsheet while logged into their Google account) or anonymously.

5. It is my understanding that individuals who edited the Google Spreadsheet anonymously were identified with small animal icons at the top of the Google Spreadsheet.

6. During the approximately 12-hour period that the Google Spreadsheet was shared with others, I only intermittently looked at the Google Spreadsheet. It became apparent to me

-1-

during that period that many anonymous contributors—apparently dozens of them, based on their small animal icons—had populated cells with information.

7. When I deleted the Google Spreadsheet from my personal Google account, there were more than 70 men listed on it.

8. One of the men who was listed on the Google Spreadsheet at that time was Stephen Elliott. The cells next to his name had been populated with the following text: "Freelance writer/novelist"; "Rape accusations, sexual harassment, coercion, unsolicited invitations to his apartment, a dude who snuck into Binders???"; and "Multiple women allege misconduct." The row in the spreadsheet containing this information was red, indicating that Elliott had been accused of physical sexual violence by more than one woman.

9. When I created the Google Spreadsheet, I did not know who Mr. Elliott was. To the best of my recollection, we had never met or spoken before that date. If I had heard his name before, or had interacted with him in any way, I had no recollection of it.

10. I did not originate, fabricate, or otherwise serve as the source of any information regarding Mr. Elliott that appeared on the Google Spreadsheet.

11. That includes the alleged defamatory statements.

12. I did not solicit or encourage anyone to add false statements or false misconduct allegations about Mr. Elliott to the Google Spreadsheet.

13. That includes the alleged defamatory statements.

14. Indeed, I did not solicit or encourage anyone to add false statements or false misconduct allegations about any person who appeared on the Google Spreadsheet.

15. I have no recollection of soliciting or encouraging anyone to add any information about Mr. Elliott to the Google Spreadsheet.

CONFIDENTIAL

16. That includes the alleged defamatory statements.

17. While the Google Spreadsheet was live on my personal Google account, some individuals reached out to me directly with information that they wished to see added to the Google Spreadsheet.

18. In response to these requests, and consistent with my understanding of their instructions and purpose for contacting me, I added some information to the Google Spreadsheet.

19. In doing so, I added information only when it was clear to me that the individual who had reached out specifically wanted the information that they had shared to be included on the Google Spreadsheet. I also took pains to ensure that I added the information to the Google Spreadsheet faithfully and accurately.

20. At no point, then or since, has anyone who sent me information which I then added to the Google Spreadsheet informed me that the information I added was incorrect, altered from their communication with me in any respect, or added against their wishes.

21. To protect the privacy of the individuals who sent these requests—and to protect the privacy of others who communicated with me about the Google Spreadsheet—I attempted to promptly delete all communications regarding the Google Spreadsheet that I sent or received.

22. A search of my documents has shown that I failed to delete only a small number of these communications.

23. None of the communications still in my possession from the period while the Google Spreadsheet was active, or from the period immediately preceding or following it, reference Mr. Elliott or the alleged defamatory allegations concerning him.

24. I have no recollection of adding any information about Mr. Elliott, including the alleged defamatory statements, to the Google Spreadsheet.

CONFIDENTIAL

25. I have no recollection of receiving any communication requesting that I add information about Mr. Elliott, including the alleged defamatory statements, to the Google Spreadsheet.

26. Because I did not know who Mr. Elliott was, had I received any such communication, I can think of no reason why I would have added it against the sender's wishes or altered the substance of the allegations in adding them to the Google Spreadsheet.

27. I do not know who added Mr. Elliott's name or any of the alleged defamatory statements about him to the Google Spreadsheet.

28. I do not know whether anyone with whom I shared the Google Spreadsheet, or anyone with whom I have corresponded about it, was a person who added Mr. Elliott's name or who added any of the alleged defamatory statements about him.

29. I am not in possession of any communication identifying who added Mr. Elliott to the Google Spreadsheet or who added the alleged defamatory statements about him.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2020
New York, New York

Moira Donegan

CONFIDENTIAL