UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN ELLIOTT,<br><br>         *Plaintiff*,<br><br>- against -<br><br>MOIRA DONEGAN, and JANE DOES (1–30),<br><br>         *Defendants*. | No. 1:18-cv-05680-LDH-SJB |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MOIRA DONEGAN'S MOTION TO FILE A LATE ANSWER**

Joshua Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(929) 294-2537

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883

*Attorneys for Defendant Moira Donegan*

# INTRODUCTION

On July 1, 2020, Judge DeArcy Hall denied Defendant Moira Donegan's motion to dismiss the Second Amended Complaint. Dkt. 65. In that same order, she directed that the parties undertake discovery and summary judgment practice limited solely to Ms. Donegan's affirmative defense of immunity under the Communications Decency Act (CDA), 47 U.S.C. § 230. *Id.* Plaintiff Stephen Elliott had been aware of this CDA defense since Ms. Donegan first raised it in a pre-motion letter filed on January 11, 2019. Dkt. 17. Over the 20 months following Judge DeArcy Hall's decision, the parties proceeded with discovery and summary judgment proceedings limited solely to the CDA issue. At no point during that period did Plaintiff raise any questions or concerns about the filing of an Answer, nor did he seek the entry of a default or otherwise allege any prejudice. Instead, the parties confined the litigation—as explicitly directed by Judge DeArcy Hall—to the CDA immunity issue alone. On March 31, 2022, Judge DeArcy Hall denied Ms. Donegan's motion for summary judgment based on CDA immunity. Dkt. 99. That same day, Magistrate Judge Bulsara *sua sponte* directed Ms. Donegan to file a motion by April 4, 2022, that "explains why . . . a belated answer is permissible, and why a default should not be entered." Court Order dated Mar. 31, 2022.

Under the standard set forth in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), a belated answer is permissible—and any default should be lifted—for four reasons. *First*, there is no basis here for finding any prejudice to Plaintiff, who has never even purported to identify such prejudice and who has never raised any suggestion that Ms. Donegan's Answer was untimely. *Second*, Ms. Donegan has litigated this case vigorously and in good faith—and her counsel had a reasoned basis for believing that the Answer was not yet due, given that litigation in this case since denial of the motion to dismiss had been confined to the issue of Ms. Donegan's affirmative defense of CDA immunity. *Third*, Ms. Donegan possesses meritorious defenses to this

1

suit, which she is prepared to litigate and prevail upon at trial. *Finally*, given these circumstances, the entry of a default against Ms. Donegan would bring about a harsh and unfair result.

## ARGUMENT

"The filing of a late answer is tantamount to a motion to vacate a default." *Am. Empire Surplus Lines Ins. Co. v. Concord Restoration Inc.*, No. 20 Civ. 2341, 2022 WL 950432, at *1 (E.D.N.Y. Mar. 30, 2022). Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil*, 10 F.3d at 96. That analysis turns principally on three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* (citations omitted). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.* Here, as discussed below, each of these considerations supports allowing Ms. Donegan to file her Answer, vacating any default, and allowing this case to proceed to discovery on the merits of Plaintiff's claim for defamation.

### A.   Absence of Prejudice

The entry of default is disfavored where the plaintiff cannot identify significant prejudice. *See, e.g.*, *Panzella v. County of Nassau*, No. 13 Civ. 5640, 2015 WL 224967, at *1 (E.D.N.Y. Jan. 15, 2015); *Alli v. Steward-Bowden*, No. 11 Civ. 4952, 2012 WL 3711581, at *3 (S.D.N.Y. Aug. 24, 2012), *report and recommendation adopted*, 2012 WL 4450987 (S.D.N.Y. Sept. 25, 2012). "[D]elay standing alone does not establish prejudice." *Enron Oil*, 10 F.3d at 98.

Here, Plaintiff has suffered no prejudice. After he filed the Second Amended Complaint, Ms. Donegan moved to dismiss under Rule 12(b)(6). Consistent with her pre-motion letters concerning both the Complaint and Second Amended Complaint, Ms. Donegan sought dismissal on numerous grounds, including CDA immunity. *See* Dkt. 17, 29. Following the denial of her motion to dismiss, Plaintiff and Ms. Donegan proceeded (as directed) to discovery and summary judgment practice limited solely to that immunity issue. Several days ago, Judge DeArcy Hall denied Ms. Donegan's summary judgment motion. As a result, and for the very first time in the litigation, the parties will now turn to discovery on the merits of Plaintiff's defamation claim, rather than discovery on Ms. Donegan's CDA defense (which raised a distinctive set of issues).

Plaintiff has known from the earliest days of this litigation that Ms. Donegan would raise a CDA immunity argument, so he has not been prejudiced by the absence of an Answer formally raising the CDA as an affirmative defense—and, indeed, the Court has presided over summary judgment proceedings for nearly two years on that basis without Plaintiff raising any question or concern as to the filing of an Answer. Moreover, Plaintiff has never suggested—and there is no reason to believe—that the scope of now-complete CDA discovery would have been materially altered had Ms. Donegan filed an Answer sooner, not least because Ms. Donegan (at the suggestion of Magistrate Judge Bulsara) initiated that discovery process by providing Plaintiff with a detailed affidavit concerning her conduct during the period in question (an affidavit that provided far more information than the Answer itself would have done). Nor could Plaintiff argue that he has been prejudiced in any other respect by the filing of an Answer at this juncture, since the litigation thus far has consisted solely of a motion to dismiss and a summary judgment process confined to CDA immunity, and it is only now that the parties will turn to full discovery on the merits.

3

Simply put, any default here has not prejudiced Plaintiff or otherwise interfered with the progress of the litigation, and Ms. Donegan remains fully prepared to proceed with her defense.

**B.     Lack of Willfulness**

Vacatur of a default is warranted where a party's conduct was not "willful" and where "the failure to follow a rule of procedure was a mistake made in good faith." *Enron Oil*, 10 F.3d at 96; *see also Allan v. Coughlin*, No. 92 Civ. 6137, 1995 WL 117718, at *2 (S.D.N.Y. Mar. 17, 1995) (allowing a party to submit an answer over a year after the denial of their motion to dismiss, since "[t]here is no evidence that defendants' failure to file an answer was willful . . . [and] their conduct during the course of the litigation demonstrates a good faith intent to litigate the action").

Ms. Donegan has litigated this case with energy and dispatch. She has briefed a motion to dismiss and a summary judgment motion, participated in substantial discovery proceedings that included a three-hour deposition, and litigated several third-party subpoena issues. Nothing about this course of conduct suggests willful disregard for the rules of procedure or the litigation itself. *See Enron Oil*, 10 F.3d at 97 ("[T]he district court was not faced with a defendant who failed to appear or defend the action against him. Not only did [defendant] respond to plaintiff's first amended complaint with a motion to dismiss, but he also participated with plaintiff in discovery.").

Moreover, Ms. Donegan's counsel had a good faith basis for their understanding that the Answer was not yet due. When Judge DeArcy Hall denied Ms. Donegan's motion to dismiss, the Court directed that the parties "proceed without delay to *narrowly tailored discovery* to address factual issues related to Defendant's CDA immunity defense," after which "the parties may move for summary judgment on CDA immunity." Dkt. 65 at 26 (emphasis added). Only if the parties declined or failed to seek summary judgment based on CDA immunity would they "proceed with discovery" on the merits of the sole claim alleged by Plaintiff. *Id.* at 26-27. Ms. Donegan's

4

counsel—and, apparently, Plaintiff's counsel (who never raised any objection)—understood this to reflect (for practical purposes) a delay in consideration of the underlying merits of the case while the parties resolved issues relating to the CDA immunity defense that had already been presented to the Court. On that basis, they did not understand it to be necessary at that point to submit an Answer, which they believed would be properly and timely filed in the event that Ms. Donegan's targeted summary judgment motion based on CDA immunity was denied, as now has occurred.

This decision did not reflect willful disregard, either by Ms. Donegan or her counsel, for the Court's rules or the progress of this case. It reflected at most a good faith misunderstanding that Plaintiff never disputed—and that has not otherwise been put at issue—in the 20 months that have elapsed since Judge DeArcy Hall denied Ms. Donegan's motion to dismiss. Because Ms. Donegan's conduct here was not willful, and instead reflected a good faith understanding of the applicable procedure that she believed the Court wished the parties to follow, she should be allowed to file her Answer and proceed with her defense on the merits.

### C. Presence of Meritorious Defenses

Ms. Donegan's defenses in this case are robust. They include immunity under the CDA and lack of actual malice, as well as the other affirmative defenses set forth in her proposed Answer.[1] Although Judge DeArcy Hall denied dispositive motions seeking dismissal on these grounds, she did so based on factual disputes that Ms. Donegan is prepared to take to a jury.

### D. Avoiding a Harsh and Unfair Result

This case presents substantial, significant issues—for the parties and beyond. It would be harsh and unfair to impose a default on Ms. Donegan after she has spent years actively litigating every aspect of the case and mounting a robust defense. That is especially true given the lack of

---

[1] Ms. Donegan maintains that actual malice is the governing standard, not only in light of the record she will establish at trial, but also given recent amendments to New York's anti-SLAPP statute, see N.Y. Civ. Rights Law § 76-a.

5

any credible prejudice to Plaintiff and Ms. Donegan's reliance on the good faith assumption of her counsel that no Answer was necessary until after summary judgment on the CDA issues had been resolved. Ms. Donegan is prepared to forge ahead in the litigation and subject Plaintiff's claim to the crucible of discovery. In these circumstances, it would be a stark departure from settled practice to prohibit Ms. Donegan from doing so and to instead insist that her defense is defaulted. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits.").

## CONCLUSION

The Court should grant Ms. Donegan's motion to file a late Answer.

Dated: April 4, 2022
       Washington, D.C.

Respectfully submitted,

*/s/ Joshua Matz*
Joshua Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(929) 294-2537
jmatz@kaplanhecker.com

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
rkaplan@kaplanhecker.com

*Attorneys for Defendant Moira Donegan*

6