UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEPHEN ELLIOTT,

                  *Plaintiff*,

- against -

MOIRA DONEGAN, and JANE DOES (1–30),

                  *Defendants*.

No. 1:18-cv-05680-LDH-SJB

## DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendant Moira Donegan ("Ms. Donegan"), by and through her undersigned attorneys, hereby responds to the Second Amended Complaint of Stephen Elliott ("Mr. Elliott") as follows:[1]

    1.    Denies the allegations in Paragraph 1 of the Complaint, except neither admits nor denies the allegations in Paragraph 1 to the extent the allegations state conclusions of law to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mr. Elliott, denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the Jane Doe Defendants, and admits that Ms. Donegan created a Google spreadsheet titled "Shitty Media Men" which she initially emailed to between three and twelve persons, and admits that Ms. Donegan selected settings that allowed any person she invited to edit the spreadsheet, but then modified the settings to allow any person with a link to edit the spreadsheet.

    2.    Denies the allegations in Paragraph 2 of the Complaint, except neither admits nor

---

[1] The Complaint utilizes headings and subheadings, to which no response is required. To the extent that any of the headings or subheadings present factual allegations, Ms. Donegan denies knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

denies the allegations in Paragraph 2 to the extent the allegations state conclusions of law to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mr. Elliott, denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the Jane Doe Defendants, and admits that Ms. Donegan created a Google spreadsheet titled "Shitty Media Men" which she initially emailed to between three and twelve persons.

3. Denies the allegations in Paragraph 3 of the Complaint.

4. Denies the allegations in Paragraph 4 of the Complaint, except neither admits nor denies the allegations in Paragraph 4 to the extent the allegations state conclusions of law to which no response is required.

5. Neither admits nor denies the allegations in Paragraph 5 of the Complaint as the allegations state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 5.

6. Denies the allegations in Paragraph 6 of the Complaint, except neither admits nor denies the allegations in Paragraph 6 of the Complaint as the allegations state conclusions of law to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning the Jane Doe Defendants, and admits that Ms. Donegan resides in Brooklyn, New York.

7. Denies the allegations in Paragraph 7 of the Complaint, except neither admits nor denies the allegations in Paragraph 7 of the Complaint as the allegations state conclusions of law to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning the Jane Doe Defendants, and admits that Ms.

Donegan resides in Brooklyn, New York.

8.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 8 of the Complaint.

9.  Admits the allegations in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 10 of the Complaint.

11. Denies the allegations in Paragraph 11 of the Complaint, except neither admits nor denies allegations regarding Mr. Elliott's litigation strategy, to which no response is required.

12. Denies the allegations in Paragraph 12 of the Complaint, except neither admits nor denies allegations regarding Mr. Elliott's litigation strategy, to which no response is required, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning IP addresses.

13. Denies the allegations in Paragraph 13 of the Complaint, except neither admits nor denies allegations regarding Mr. Elliott's litigation strategy, to which no response is required.

14. Neither admits nor denies the allegations in Paragraph 14 of the Complaint as the allegations state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 14, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Jane Doe Defendants.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the residence of Mr. Elliott in Paragraph 15 of the Complaint, except

admits that Mr. Elliott has published various writings.

16. Denies the allegations in Paragraph 16 of the Complaint, except admits that Ms. Donegan is a writer who resides in Brooklyn, New York and was formerly employed at *The New Republic*.

17. Denies the allegations in Paragraph 17 of the Complaint, except admits that on October 11, 2017, Ms. Donegan created a Google spreadsheet titled "Shitty Media Men."

18. Denies the allegations in Paragraph 18 of the Complaint, except admits that Ms. Donegan created a Google spreadsheet titled "Shitty Media Men" which she initially emailed to between three and twelve persons, and admits that initially, Ms. Donegan selected settings that allowed any person she invited to edit the spreadsheet, but then modified the settings to allow any person who received the link to edit the spreadsheet.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint.

20. Denies the allegations in Paragraph 20 of the Complaint, except admits that Ms. Donegan added the headings "Last Name," "First Name," "Affiliation," "Alleged Misconduct," and "Notes" to the spreadsheet.

21. Denies the allegations in Paragraph 21 of the Complaint, except neither admits nor denies the allegations in Paragraph 21 of the Complaint to the extent they state conclusions of law to which no response is required.

22. Denies the allegations in Paragraph 22 of the Complaint, except neither admits nor denies the allegations in Paragraph 22 of the Complaint to the extent they state conclusions of law

to which no response is required.

23.     Denies the allegations in Paragraph 23 of the Complaint, except neither admits nor denies the allegations in Paragraph 23 of the Complaint to the extent they state conclusions of law to which no response is required.

24.     Denies the allegations in Paragraph 24 of the Complaint, except neither admits nor denies the allegations in Paragraph 24 of the Complaint to the extent they state conclusions of law to which no response is required, and admits that by the time Ms. Donegan deleted the spreadsheet from her Google account, Mr. Elliott's name was listed on the spreadsheet, and the cells next to his name had been populated with the following text: "Freelance writer/novelist"; "Rape accusations, sexual harassment, coercion, unsolicited invitations to his apartment, a dude who snuck into Binders???"; and "Multiple women allege misconduct."

25.     Denies the allegations in Paragraph 25 of the Complaint, except neither admits nor denies the allegations in Paragraph 25 of the Complaint to the extent they state conclusions of law to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the movement of Mr. Elliott's row within the spreadsheet, and admits that by the time Ms. Donegan deleted the spreadsheet from her Google account, Mr. Elliott's name was listed on the spreadsheet, and the cells next to his name had been populated with the following text: "Freelance writer/novelist"; "Rape accusations, sexual harassment, coercion, unsolicited invitations to his apartment, a dude who snuck into Binders???"; and "Multiple women allege misconduct."

26.     Denies the allegations in Paragraph 26 of the Complaint, denies that Ms. Donegan was the source of any of the statements that appeared on the list concerning Mr. Elliott, except

neither admits nor denies the allegations in Paragraph 26 of the Complaint to the extent they state conclusions of law to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Jane Doe Defendants, and admits that Ms. Donegan created a Google spreadsheet titled "Shitty Media Men," and made certain edits to that spreadsheet before it was deleted.

27.     Denies the allegations in Paragraph 27 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Jane Doe Defendants, and admits that Ms. Donegan added the following text to the top of the spreadsheet: "Men accused of physical sexual violence by multiple women are highlighted in red."

28.     Denies the allegations in Paragraph 28 of the Complaint, except neither admits nor denies the allegations in Paragraph 28 of the Complaint to the extent they state conclusions of law to which no response is required, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Jane Doe Defendants.

29.     Admits the allegations in Paragraph 29 of the Complaint.

30.     Denies the allegations in Paragraph 30 of the Complaint.

31.     Denies the allegations in Paragraph 31 of the Complaint, except neither admits nor denies the allegations in Paragraph 31 of the Complaint to the extent they state conclusions of law to which no response is required, and admits to joking via tweet on October 23, 2017 that "Sorry for all the man hating tweets, it's just that I really hate men" and joking via tweet on October 26, 2017 that "I like the witch hunt but I love that it happened in October."

32.     Admits the allegations in Paragraph 32 of the Complaint and further admits that Merriam-Webster defines "joke" in part as "something said or done to provoke laughter." Joke,

Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/joke.

33. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint, except admits that the spreadsheet was created on October 11, 2017.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint, except admits that Mr. Elliott published an essay collection on November 7, 2017.

35. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint.

39. Denies the allegations in Paragraph 39 of the Complaint, except admits that on January 10, 2018, *The Cut* published an article written by Ms. Donegan titled "I Started the Media Men List. My name is Moira Donegan."

40. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in Paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint, except admits that Ms. Donegan has contracted with Scribner Books to publish her first book.

45. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Complaint, except admits that on September 25, 2018, Mr. Elliott published an article in *Quillette* titled "How an Anonymous Accusation Derailed My Life."

46. Neither admits nor denies the allegations in Paragraph 46 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 46 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Jane Doe Defendants.

47. Denies the allegations in Paragraph 47 of the Complaint, except neither admits nor denies the allegations in Paragraph 47 to the extent they state conclusion of law to which no response is required, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning the Jane Doe Defendants.

48. Neither admits nor denies the allegations in Paragraph 48 of the Complaint to the

extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 48 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Jane Doe Defendants.

49. Neither admits nor denies the allegations in Paragraph 49 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 49 of the Complaint.

50. Neither admits nor denies the allegations in Paragraph 50 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint.

51. Neither admits nor denies the allegations in Paragraph 51 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Complaint.

52. Neither admits nor denies the allegations in Paragraph 52 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Complaint.

53. Neither admits nor denies the allegations in Paragraph 53 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 53 of the Complaint, except denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Jane Doe Defendants.

54. Neither admits nor denies the allegations in Paragraph 54 of the Complaint to the extent they state conclusions of law to which no response is required.

55. Neither admits nor denies the allegations in Paragraph 55 of the Complaint to the extent they state conclusions of law to which no response is required.

56. Neither admits nor denies the allegations in Paragraph 56 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 56 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Jane Doe Defendants.

57. Neither admits nor denies the allegations in Paragraph 57 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 57 of the Complaint.

58. Neither admits nor denies the allegations in Paragraph 58 of the Complaint to the extent they state conclusions of law to which no response is required.

59. Neither admits nor denies the allegations in Paragraph 59 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 59 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning the Jane Doe Defendants, and admits that Plaintiff purported to demand certain information that he believed Ms. Donegan to possess after this case was filed.

60. Neither admits nor denies the allegations in Paragraph 60 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 60 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Jane Doe Defendants.

61. Neither admits nor denies the allegations in Paragraph 61 of the Complaint to the extent they state conclusions of law to which no response is required.

62. Denies the allegations in Paragraph 62 of the Complaint, except admits that on January 10, 2018, *The Cut* published an article written by Ms. Donegan titled "I Started the Media Men List. My name is Moira Donegan."

63. Denies the allegations in Paragraph 63 of the Complaint, except admits that Ms. Donegan added the following language to the spreadsheet: "This document is only a collection of misconduct allegations and rumors. Take everything with a grain of salt."

64. Neither admits nor denies the allegations in Paragraph 64 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 64 of the Complaint.

65. Neither admits nor denies the allegations in Paragraph 65 of the Complaint to the extent they state conclusions of law to which no response is required.

66. Ms. Donegan denies the allegations in Paragraph 66 of the Complaint.

67. Denies the allegations in Paragraph 67 of the Complaint, except admits that users could edit the spreadsheet anonymously.

68. Denies the allegations in Paragraph 68 of the Complaint, except admits that initially persons with an invitation to edit the spreadsheet, and later persons with the link to the spreadsheet, could and did edit the spreadsheet anonymously.

69. Denies the allegations in Paragraph 69 of the Complaint, except admits that initially persons with an invitation to edit the spreadsheet, and later persons with the link to the spreadsheet, could and did edit the spreadsheet anonymously, and admits that Ms. Donegan's counsel wrote the above-quoted statement in a letter to Mr. Elliott's counsel dated April 8, 2019, to paraphrase a call that occurred between Ms. Donegan's counsel and Mr. Elliott's counsel on December 12, 2019.

70. Denies the allegations in Paragraph 70 of the Complaint, except admits that initially persons with an invitation to edit the spreadsheet, and later persons with the link to the spreadsheet, could and did edit the spreadsheet anonymously, and admits that Ms. Donegan added the following language to the spreadsheet: "This document is only a collection of misconduct allegations and rumors. Take everything with a grain of salt."

71. Denies the allegations in Paragraph 71 of the Complaint.

72. Neither admits nor denies the allegations in Paragraph 72 of the Complaint to the extent they state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in Paragraph 72 of the Complaint.

73. Neither admits nor denies the allegations in Paragraph 73 of the Complaint to the extent they state conclusions of law to which no response is required.

74. Denies the allegations in Paragraph 74 of the Complaint, except neither admits nor denies the allegations in Paragraph 74 of the Complaint to the extent they state conclusions of law to which no response is required, and admits to joking via tweet on October 23, 2017 that "Sorry

for all the man hating tweets, it's just that I really hate men."

75. Denies the allegations in Paragraph 75 of the Complaint, except admits to joking via tweet on October 26, 2017 that "I like the witch hunt but I love that it happened in October."

76. Denies the allegations in Paragraph 76 of the Complaint, except neither admits nor denies the allegations in Paragraph 76 of the Complaint to the extent they state conclusions of law to which no response is required.

## PRAYER FOR RELIEF

Neither admits nor denies the allegations in the Prayer for Relief as the allegations state conclusions of law to which no response is required. To the extent a response is required, Ms. Donegan denies the allegations in the Prayer for Relief, except admits that Mr. Elliott purports to seek damages in this lawsuit.

## AFFIRMATIVE AND OTHER DEFENSES

Ms. Donegan raises the following affirmative and additional defenses, without assuming the burden of proof for any issues to which applicable law places the burden on Mr. Elliott. Nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to Mr. Elliott's allegations. All defenses are pleaded in the alternative, and none constitutes an admission of liability or that Mr. Elliott is entitled to relief on his claims.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and/or fails to sufficiently plead the elements of a cause of action for defamation.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Ms. Donegan is immune from suit under the Communications Decency Act, 47 U.S.C. § 230(c)(1).

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because any alleged defamatory statements are true, or substantially true.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because any alleged defamatory statements that are not true or substantially true are protected opinion.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because all alleged defamatory statements were made to persons with whom the author shared a common interest and are protected by qualified privilege.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because all alleged defamatory statements are protected by qualified privilege and Mr. Elliott fails to demonstrate actual malice.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Mr. Elliott is a limited-purpose public figure and Mr. Elliott fails to demonstrate actual malice.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Mr. Elliott consented to publication of the alleged defamatory statements when he solicited their republication by including them in an article he published on September 25, 2018 in *Quillette* titled "How an Anonymous Accusation Derailed My Life."

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Mr. Elliott, at the time of the alleged defamation, labored under a general reputation for compromised sexual morality and professionalism.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Mr. Elliott has failed to mitigate or reasonably attempt to mitigate his alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Mr. Elliott's recovery for his alleged damages, if any, must be reduced in proportion to the damages Mr. Elliott suffered, if any, resulting from his contributions to those damages under N.Y. C.P.L.R. § 1411, because Mr. Elliott contributed to and assumed the risk of the alleged damages he suffered, if any, when he personally and proactively included the allegedly defamatory statements in an article he published on September 25, 2018 in *Quillette* titled "How an Anonymous Accusation Derailed My Life."

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Plaintiff's damages, if any, were caused by acts of third persons, for which Ms. Donegan is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Plaintiff has failed to plead damages with required specificity.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because this is a SLAPP suit prohibited by New York law under N.Y. Civ. Rights Law § 76-a, and Mr. Elliott cannot recover for defamation where, as here, he has not established actual malice.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Mr. Elliott is not entitled to punitive damages and/or attorneys' fees under applicable law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because the damages Mr. Elliott suffered, if any, were the direct and proximate result of his conduct, and Mr. Elliott is thus estopped and barred from recovery of any damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the Court finds Mr. Elliott guilty of contributory negligence and/or assumption of risk and should an award be made to Mr. Elliott, that award shall be diminished in the proportion

which Mr. Elliott's contributory negligence and/or assumption of risk bears to the culpable conduct and/or negligence which caused the damage to Mr. Elliott.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Mr. Elliott's recovery, if any, shall be reduced by the amount of any collateral source payments received, in accordance with N.Y. C.P.L.R. § 4545.

### NINETEENTH AFFIRMATIVE DEFENSE

In the event Mr. Elliott recovers judgment against Ms. Donegan and it is determined that Mr. Elliott's damages were caused in whole or part by two or more joint tortfeasors, then Ms. Donegan's liability herein for non-economic loss may not exceed her equitable share of said damages in accordance with her relative culpability as provided by N.Y. C.P.L.R. § 1601.

Dated: April 4, 2022
       Washington, D.C.

/s/ Joshua Matz

Joshua Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(929) 294-2537
jmatz@kaplanhecker.com

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
rkaplan@kaplanhecker.com

*Attorneys for Defendant Moira Donegan*