# KAPLAN HECKER & FINK LLP

FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL        212.763.0883
DIRECT EMAIL       rkaplan@kaplanhecker.com

November 16, 2022

**VIA ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Elliott v. Donegan*, No. 18-cv-5680-LDH-SJB (E.D.N.Y.)

Dear Judge DeArcy Hall:

Pursuant to Rule III.A of Your Honor's Individual Practices, we write on behalf of Defendant to request a pre-motion conference concerning a motion to amend Ms. Donegan's Answer to add a counterclaim pursuant to New York's Anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") law. Although Defendant's Answer already asserts an affirmative defense under this statute, there is recent ambiguity in the case law as to the most appropriate way to present such a defense. *See, e.g.*, *Chinese Americans C.R. Coal, Inc. v. Trump*, 2022 WL 1443387, at \*6 (S.D.N.Y. May 6, 2022); *Lindell v. Mail Media, Inc.*, 575 F. Supp. 3d 479, 489 (S.D.N.Y. 2021).

Under Federal Rule of Civil Procedure 15(a)(2), a party can file an amended answer with "leave of court, which should be 'freely given when justice so requires.'" *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 95 (2d Cir. 2019). Leave "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citation omitted). Our proposed amendment clearly satisfies this generous standard for the following three reasons.[1]

<u>First</u>, there is no undue delay. Defendant included an anti-SLAPP affirmative defense in her Answer to the Second Amended Complaint, filed on April 5, 2022. ECF 101. The reason why Defendant seeks to amend her Answer is to deal with ambiguity in the case law. Moreover, because of an ongoing mediation before Judge Bulsara, the parties are really only at the very

---

[1] Under the Scheduling Order entered by Magistrate Judge Bulsara on July 3, 2022, there is no deadline for amending the pleadings. Accordingly, Ms. Donegan's motion is subject only to Rule 15 and she need not separately satisfy Rule 16(b). *See, e.g.*, *Liu v. Chan*, 2022 WL 2903311, at \*3-4 (E.D.N.Y. July 22, 2022). Of course, Rule 15(a)(2) also permits amendment "with the opposing party's written consent." We have conferred with counsel for Plaintiff, however, who does not consent to the proposed amendment.

beginning of fact discovery. Apart from documents produced by and a deposition of Ms. Donegan in connection with the Communications Decency Act issues raised in her motion for summary judgment, *see* ECF 65; ECF 99, there has been little party discovery and no third-party discovery. *See, e.g.*, *Fahlund v. Nassau Cnty.*, 265 F. Supp. 3d 247, 255 (E.D.N.Y. 2017) (no undue delay where motion was filed less than a year after initial complaint, discovery was not closed, and no other motions were pending). Fact discovery in this case is not set to close until March of next year. *See* Nov. 3, 2022 Docket Entry.

Second, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Schvimmer v. Off. of Ct. Admin.*, 857 F. App'x 668, 673 (2d Cir. 2021). Here, Defendant seeks leave to add an anti-SLAPP counterclaim that is materially identical to her anti-SLAPP affirmative defense because of uncertainty in the case law with respect to the most appropriate procedure for a party to raise that defense. *See, e.g.*, *Chinese Americans C.R. Coal, Inc.*, 2022 WL 1443387, at *6 (rejecting request under anti-SLAPP law for attorneys' fees because defendant had not filed "counterclaim); *Lindell*, 575 F. Supp. 3d at 489 (similar). This is hardly surprising given that New York's amended anti-SLAPP statute only went into effect on November 10, 2020. *See* N.Y. Civ. Rights Law § 76-a. An amendment to conform Defendant's pleadings in light of recent case law cannot be "motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (citations omitted).

The proposed amendment would not give rise to any prejudice either since it is based on the same anti-SLAPP theory that Defendant has been asserting all along. In other words, Plaintiff has "been aware" of Ms. Donegan's anti-SLAPP defense, and the proposed amendment does not require Plaintiff to change his litigation approach in any way. *See, e.g.*, *Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 511-12 (E.D.N.Y. 2019) (DeArcy Hall, J.) (finding no prejudice) (adopting report and recommendation); *GEOMC*, 918 F.3d at 102 (affirming denial of leave to file a new counterclaim that "would greatly expand" the scope of the case and "substantially increase[] the cost and time required to litigate").

Third, the proposed amendment is not "futile." *Milanese*, 244 F.3d at 110. Plaintiff has not sought to dismiss or strike Ms. Donegan's anti-SLAPP affirmative defense. And in declining to consent to the proposed amendment, Plaintiff did not suggest that there was some deficiency in the counterclaim.

Nor could he. Defendant's anti-SLAPP defense falls squarely within the expansive scope of the amended statute. As alleged by Plaintiff in his Second Amended Complaint, the List (or "Spreadsheet") is a communication in a public forum. *See* ECF 37, Second Am. Compl. ¶ 17 ("On or about October 11, 2017, Defendants conspired to create The List, a *publicly accessible*, shared Google spreadsheet entitled 'Shitty Media Men.'") (emphasis added); *see also Packingham v. North Carolina*, 137 S. Ct. 1730, 1735 (2017) ("cyberspace" and the internet in general are public spaces for the exchange of views). And this Court previously determined that the Spreadsheet related to a topic of public controversy—namely, "sexual assault, sexual harassment, and consent in workplaces." ECF 65 at 12.

To be sure, the events giving rise to Defendant's anti-SLAPP defense occurred before New York's amended anti-SLAPP law took effect. But the district courts in this Circuit have uniformly held that these recent amendments should be applied retroactively. *See, e.g.*, *Coleman v. Grand*,

523 F. Supp. 3d 244, 258 (E.D.N.Y. 2021); *Goldman v. Reddington*, 2021 WL 4099462, at *4 (E.D.N.Y. Sept. 9, 2021); *Palin v. New York Times Co.*, 510 F. Supp. 3d 21, 27-29 (S.D.N.Y. 2020). While the First Department recently issued a decision to the contrary, *Gottwald v. Sebert*, 203 A.D.3d 488 (1st Dep't 2022), at least one federal court has rejected the notion that the First Department's decision "require[s] the Court to reverse its earlier application of [the anti-SLAPP law] when the New York Court of Appeals has yet to weigh in." *Palin v. New York Times Co.*, 2022 WL 1744008, at *3 n.3 (S.D.N.Y. May 31, 2022). And the issue of retroactivity is now fully briefed before the New York Court of Appeals. Docket No. APL-2022-00082. If the Court of Appeals agrees with the unanimous view of the federal district courts, then Defendant will have the opportunity to recover her attorneys' fees and costs, N.Y. Civ. Rights Law § 70-a(1)(a), and a jury instruction on actual malice will be required, *Palin*, 510 F. Supp. 3d at 24.

For the foregoing reasons, Defendant believes a motion to amend her Answer will be successful and requests the opportunity to file such a motion.


Respectfully submitted,

Roberta A. Kaplan